## WOOLFORD *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 62, September Term, 1957.]

*Decided January 23, 1958.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

HORNEY, J., delivered the opinion of the Court.

Alton R. Woolford, who was denied a writ of *habeas corpus* by Schnauffer, J., of the Circuit Court for Frederick County, has made application to this Court for leave to appeal.

The petitioner was convicted in the Criminal Court of Baltimore (Warnken, J.) on charges of carrying a deadly weapon and larceny of a motor vehicle, and was sentenced

on March 4, 1957, to two consecutive terms of one year each in the Maryland House of Correction.

In his petition for the writ of *habeas corpus,* addressed to the Circuit Court for Frederick County, the petitioner recited: (a) that he was sentenced to a term of three years on December 18, 1952, which expired on March 29, 1955; (b) that he was sentenced to another term of eighteen months on September 23, 1953, to begin at the expiration of the previous term—March 29, 1955; (c) that on July 25, 1955, he was paroled for the remainder of the second sentence, or fourteen months; (d) that the parole was not broken and expired on September 29, 1956; (e) that on February 4, 1957, he was arrested on the charges for which he was sentenced on March 4, 1957; (f) that the Parole Board notified the court that the petitioner would be charged as a parole violator, whereupon bail was raised to $10,000; (g) that the two consecutive sentences passed on March 4, 1957, were to begin "at the expiration of [the] sentence [he was] now serving for violation of parole"; and (h) that three months later his parole "was dropped"; but the charge was not; and the petitioner was still charged "as a parole violator". In his petition for the writ the petitioner alleged that his constitutional rights were violated because (i) he was refused counsel at the trial in which he was sentenced to two consecutive terms aggregating two years; (ii) and (iii) that false accusations were made against him by the Parole Board, which deprived him of a fair and impartial trial; (iv) that he was deprived of "all his jail time"; (v) that he was deprived of "his chances of making probation"; and (vi) that his "2 years does not run true to the court commitment papers, * * * [which] makes * * * commitment * * * false."

In his application for leave to appeal, his "memorandum" and his "motion to proceed with appeal in *forma pauperis*", petitioner repeats in greater detail the recitals set forth in (a) through (e) and (h) above, and, in addition to the violations of his constitutional rights set forth in (i) through (iii) and (vi), he clarifies his contentions by pointing out (1) that he was charged as a parole violator five months after the parole had expired, which expiration took place before

the arrest, trial and conviction referred to in (e); (2) that he does not claim that the trial court was unfair, but alleges that the parole violation charge did him damage; (3) that he does not claim that Judge Warnken was bound to place him on probation, but reasserts that, if the parole violation had not been placed against him, he might have had a chance to "make probation"; and (4), in addition to inquiring how the Parole Board can revoke his parole when he was not on parole, it having expired before he was last sentenced, without a violation thereof, prays this Court to "render a remedy" for the "grave error made by the Department of Probation and Parole".

While the trial court records show only that the petitioner was sentenced on March 4, 1957, to two consecutive one year terms, the records of the House of Correction show that the petitioner is serving a "2 year term * * * now after expiration of parole term", and that the current discharge date is November 4, 1958.

The fact that the petitioner was not represented by counsel does not entitle him to a writ of *habeas corpus*. To be so entitled he must allege and show that he requested counsel or that want of counsel prejudiced him or denied him an essential of justice. *Walker v. Warden* (1957), 213 Md. 656, 132 A. 2d 477.

There is nothing in the record of this application to show whether or not information as to the parole status of the petitioner was made known to the trial court at or before he was sentenced. Certainly it was not error for the trial court to have received such information in determining its sentence after entry of a plea of guilty. In any event it is not the function of a court, in a *habeas corpus* proceeding, to review alleged errors and irregularities, which should have been reviewed on appeal, and do not go to the jurisdiction of the trial court to try and pass judgment on the accused. *Williams v. Warden* (1956), 211 Md. 621, 125 A. 2d 672.

Of course, neither the question of jail time as a credit against a sentence nor the question of placing a convicted person on probation may be reviewed in a *habeas corpus* proceeding. Both questions are clearly within the discretion

of the judge whose duty it is to impose sentence.   See *Williams v. Warden, supra.*

There remains only the question of the correction of the alleged error made by the Department of Probation and Parole with respect to the revocation of the petitioner's parole on a previous conviction after it had allegedly expired without a violation.   There is nothing in the record to show that the petitioner had been finally discharged from parole.   By the first and second sentences he received the petitioner was sentenced to total imprisonment of four and one-half years from December 18, 1952, or until June 18, 1957.   He was paroled on July 25, 1955, approximately five months before the expiration of his first term of three years and was returned to prison to serve a third sentence aggregating two years on March 4, 1957, after having been arrested on February 4, 1957, or approximately four months before the combined first and second sentences had expired.   Code, Cum. Supp. (1957), Art. 41, sec. 91H, specifically provides that a prisoner "shall serve the remainder of the sentence originally imposed without credit for the time spent in the community under parole supervision", unless the board in its discretion, shall give credit for the time—approximately eighteen months—, or some part of it, spent in the community, which in this instance the board obviously refused to do. The action of the board in refusing him credit for the time spent on parole was within the discretion of the board and was not subject to review on *habeas corpus* since there were no circumstances shown to make its action reviewable.   *Forrester v. Warden* (1955), 207 Md. 622, 114 A. 2d 44.   In any event the failure of the board to give the petitioner credit for time spent on parole does not deprive him of any constitutional rights.   *Clark v. Warden* (1957), 213 Md. 641, 131 A. 2d 396.

*Application denied, with costs.*