## MAYO v. WARDEN OF MARYLAND
## PENITENTIARY

[App. No. 81, September Term, 1962.]

*Decided May 15, 1963.*

Before the full Court.

PER CURIAM.

This application for leave to appeal comes from a denial of post conviction relief by Judge Harris in the Criminal Court of Baltimore. In 1954, the applicant was sentenced to ten years on twelve charges of burglary. The ten years confinement in the Maryland House of Correction consisted of four years on one charge and two sentences of three years each on two other charges, to run consecutively. The sentences started on September 8, 1954, and on January 26, 1959, he was paroled. On September 6, 1960, he was returned for violation of parole, with a new sentence of eighteen months for burglary, committed while on parole, imposed by Judge Manley in the Criminal Court of Baltimore, to run consecutively with the original ten year sentences. He had been on parole 589 days.

Upon revocation of his parole on the 1960 burglary conviction, he was given credit for 180 days of time spent on parole. This period, in conjunction with other time earned under the applicable prison regulations, would make the expiration date of his combined sentences of ten years to be February 28, 1963. At this date he would begin serving his new eighteen months sentence.

Applicant's contention is that he completed his sentences of ten years (minus good behavior time and time spent while out on parole) as of June 1962, and that at the time of filing his application he was serving his eighteen months sentence.

It is difficult to see exactly what his contention was. Judge Harris considered it to be that the applicant believed he should get credit for all of the time he spent on parole. We interpret it likewise. In an amendment to his application, applicant contends that Code (1957), Article 41, § 115 is unconstitutional. That section provides that if an order of parole is revoked, the prisoner must serve the remainder of the originally imposed sentence without credit for time spent in the community, but does give the Board of Parole and Probation the discretion to grant some credit for this parole time, and that is exactly what happened in this case.

The constitutionality of Article 41, § 115 has been attacked on several occasions and has been upheld in each of these instances, in situations involving the exercise of the Board's discretion. E.g., *Carolina v. Director*, 217 Md. 379; *Chase v. Warden*, 216 Md. 627; *Woolford v. Warden*, 215 Md. 640, to name just a few. Therefore, there is no basis for the contention of unconstitutionality of Article 41, § 115. The application must be denied.

*Application denied.*