**Jesse Vincent HILL, Petitioner,**
**v.**
**William C. HOLMAN, Warden, Kilby Prison, Montgomery, Alabama, Respondent.**

**Civ. A. No. 2332-N.**

United States District Court
M. D. Alabama, N. D.

Feb. 3, 1966.

Jesse Vincent Hill, pro se.

Richmond M. Flowers, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., State of Alabama, Montgomery, Ala, for respondent.

JOHNSON, Chief Judge.

ORDER

By order of this Court filed herein on January 21, 1966, the petitioner, Jesse Vincent Hill, was granted leave to file and proceed in forma pauperis on his application for writ of habeas corpus. At the same time, this Court ordered and directed that William C. Holman, Warden of Kilby Prison, Montgomery, Alabama, appear and show cause why the writ, as prayed for by the petitioner should not issue. The Attorney General for the State of Alabama on February 2, 1966, filed a return and answer on behalf of the respondent warden.

Upon consideration of the petition for writ of habeas corpus and the return and answer as filed upon behalf of the respondent warden, it appears that petitioner Hill is presently incarcerated by the State of Alabama at Kilby Prison, Montgomery, Alabama, by virtue of a judgment of the Circuit Court of Jefferson County, Alabama, rendered on September 8, 1964. The petitioner has, without any question, exhausted the remedies available to him in the courts of the State of Alabama as he is required to do under Section 2254, Title 28, United States Code. The facts upon which petitioner Hill relies in support of his application for writ of habeas corpus are undisputed They are as follows: On May 19, 1952, petitioner Hill was convicted in the Circuit Court of Jefferson County, Alabama, in four separate cases. They were:

1. Case No. 91714, for the offense of robbery, upon which conviction he was sentenced to a term of 10 years.

2. Case No. 91715, for the offense of robbery, upon which conviction he was sentenced to a term of 10 years, said sentence to commence upon completion of service of the sentence imposed in case No. 91714.

3. Case No. 91716, for the offense of grand larceny, upon which conviction he was sentenced to a term of one year and one day, said sentence to commence upon completion of service of the sentence in case No. 91715.

4. Case No. 91717, for the offense of grand larceny, upon which conviction he was sentenced to a term of one year and one day, said sentence to commence upon completion of service of the sentence in case No. 91716.

Sometime in 1958 petitioner Hill completed serving the required portion of the sentence imposed in case No. 91714. He then immediately entered upon service of the 10-year sentence imposed in case No. 91715. On September 8, 1964, while petitioner Hill was serving the 10-year

sentence as originally imposed in case No. 91715, the Circuit Court of Jefferson County, Alabama, upon his application set aside the judgment in said case. This action was taken after Hill had served approximately six years of the sentence originally imposed in the case. On September 8, 1964, after the said circuit court set aside the original judgment, petitioner Hill withdrew his plea of guilty to robbery that had formed the basis for the sentence originally imposed in case No. 91715 and pleaded guilty to the offense of larceny from the person and, also on September 8, 1964, was sentenced to serve a term of one year and one day in case No. 91715.

Petitioner Hill has completed service of the sentences imposed in the cases numbered 91714, 91716 and 91717. He is presently serving the sentence of one year and one day imposed by the Circuit Court of Jefferson County, Alabama, on September 8, 1964, in the case numbered 91715. He has been given no credit for the approximately six years he served on the original sentence imposed in case No. 91715, which sentence was on September 8, 1964, declared by the Circuit Court of Jefferson County, Alabama, to be an erroneous sentence and was set aside for that reason. This means that Hill owed the State of Alabama the approximately six years he served in case No. 91714; he has completed service of the sentence imposed in that case. He also owed the State of Alabama one year and one day in each of the cases numbered 91715, 91716 and 91717. He has served, including the time he served on the sentence erroneously imposed in case No. 91715, approximately 14 years.

It is the position of the State of Alabama in this case that the time petitioner Hill served on the erroneous sentence imposed in case No. 91715 is "dead" time, for which he receives no credit. This Court does not agree.

The constitutional requirements of due process will not permit the State of Alabama to require petitioner Hill, or any other prisoner for that matter, to be penalized by service in the state penitentiary because of an error made by the state circuit court. Petitioner Hill was entitled to have the illegal sentence vacated. This, of course, was done by the Circuit Court of Jefferson County, Alabama, on September 8, 1964. He is also entitled to have the time he served on the erroneous sentence in case No. 91715 before it was vacated applied on the valid sentence that was imposed in that case by the Circuit Court of Jefferson County, Alabama, on September 8, 1964. This means very simply that Hill has more than served the legal sentence imposed upon him in case No. 91715. The record in this case is clear that, instead of Hill's owing the State of Alabama any additional time, the State of Alabama owes Hill for illegal incarceration for a period of between four and five years. He is due to be released immediately. Youst v. United States (5th Cir. 1945), 151 F.2d 666; Hoffman v. United States (9th Cir. 1957), 244 F.2d 378.

It is, therefore, in accordance with the foregoing and for good cause, the order, judgment and decree of this Court that Jesse Vincent Hill is presently illegally incarcerated by the respondent, William C. Holman, Warden, Kilby Prison, his incarceration being in violation of due process of law as guaranteed by the Constitution of the United States. It is the further order, judgment and decree of this Court that Jesse Vincent Hill be discharged from the custody of the State of Alabama and the custody of William C. Holman, as Warden of Kilby Prison, Montgomery, Alabama, and from the custody of any other officers, employees or agents of the State of Alabama, which custody is pursuant to the convictions and judgments of the Circuit Court of Jefferson County, Alabama, rendered in the state court cases numbered 91714, 91715, 91716 and 91717. It is ordered that Jesse Vincent Hill's release be not later than 5:00 p. m., Friday, February 4, 1966.

It is further ordered that the costs incurred in this case be and they are hereby taxed against the respondent, for which execution may issue.