*192 So.2d 456*

**Eugene AARON**

v.

**STATE.**

**3 Div. 223.**

Court of Appeals of Alabama.

Nov. 29, 1966.

Eugene Aaron, pro se.

Richmond M. Flowers, Atty. Gen., and Robt. F. Miller, Asst. Atty. Gen., for the State.

CATES, Judge.

This habeas corpus appeal came on for submission on written argument on October 13, 1966.

### I.

November 21, 1955, Aaron pled guilty to assault with intent to rob in the Montgomery Circuit Court. Some nine years later, thanks to Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, he got a new trial.

Rearraigned with counsel attending him on February 16, 1965, he again pled guilty. The court, on this second infra-judicial confession, adjudged Aaron guilty, duly performed allocutorial rites and pronounced a five year prison sentence.

March 8, 1966, Aaron petitioned the circuit court for the writ of habeas corpus. The actual writ issued does not appear in the record sent up.

The Attorney General, for the Warden of Kilby Prison, filed a pleading denominated "Motion to Vacate Writ of Habeas Corpus and to Remand Petitioner," this serving the office of a return to the writ.

Therein the State averred and attached certified copies of the 1955 and 1965 judgments of conviction. Also, the State assigned the following:

"3. For that Petitioner was given credit for the approximately ten years he had served in the Penitentiary on his original conviction of fifteen years in that and because the February 16, 1965 sentence was for a term of only five years.

"4. For that Petitioner's allegation that he has not received credit for the 'dead time' he served should go for naught in that it is incorrect and untrue.

"5. For that no matters are alleged which entitle Petitioner to the relief he seeks in this proceeding."

The judgment from which the instant appeal is taken appears in the following minute entry (R. 11):

"This cause came on the 3rd day of June, 1966, to be heard on the Petition for Writ of Habeas Corpus and the Answer and Motion of Respondent to dismiss the Petition, there being present the Petitioner in proper person and Julian S. Pinkston, Assistant Attorney General of Alabama, Attorney for the Respondent and was argued by Petitioner and said Attorney for Respondent.

"Upon consideration whereof, the Court is of the opinion that said Petitioner is and has been legally confined in the penitentiary and is not serving 'dead time'. Therefore, the Court denies the relief prayed for in the Petition and said Petition is, then, due to be dismissed and denied.

"It is, therefore, adjudged and ordered that the Petition for Writ of Habeas Corpus be, and the same is, hereby dismissed as to each and every prayer contained therein.

"Eugene W. Carter
Judge

"Filed in office this 7 day of June, 1966, John R. Matthews, Clerk."

### II.

Habeas corpus ad subjiciendum is "the great and efficaceous writ" (iii Bl.Com. 131) which our Constitution, § 17, puts beyond suspension.[1] Yet, it is no mere jumble of post conviction archeological tools to explore willy nilly the bones of old criminal trials. Code 1940, T. 15, § 27, provides in part:

"No court, or judge, on the return of a writ of habeas corpus, has authority to inquire into the regularity or justice of any order, judgment, decree, or process of any court legally constituted, * * *."

---

1. Our State Constitution unlike the Federal admits of no power to suspend the writ under any supposed requirement of the public safety. Cf. Ex parte Milligan, 4 Wall. 2, 18 L.Ed. 281.

**452**

And T. 15, § 28, provides:

"§ 28. If it appears that the party is in custody, by virtue of process from any court legally constituted, or issued by any officer in the course of judicial proceedings before him, authorized by law, he can only be discharged:

"(1) Where the jurisdiction of such court has been exceeded, either as to matter, place, sum, or person.

"(2) Where, though the original imprisonment was lawful, the party has become entitled to his discharge by reason of some subsequent act, omission, or event.

"(3) Where the process is void in consequence of some defect in matter or substance required by law.

"(4) Where the process, though in proper form, was issued in a case, or under circumstances, not allowed by law.

"(5) Where the process is not authorized by any judgment, order, or decree, or by any provision of the law.

"(6) Where the person who has the custody of him, under any order or process, is not the person authorized by law to detain him."

█ Primarily, in Alabama practice, this writ serves to determine whether a court has exceeded its lawful jurisdiction in ordering imprisonment. Ex parte State in re Long, 87 Ala. 46, 6 So. 328; City of Birmingham v. Perry, 41 Ala.App. 173, 125 So.2d 279.

The maximum sentence for assault with intent to rob is twenty years in the penitentiary. Code 1940, T. 14, § 38.

█ Nothing in the instant record shows the working of the minds of (or what evidence was laid before) the circuit judges who meted out the sentences in 1955 and 1965. Certified copies of the 1955 and 1965

judgments as exhibits incorporated as part of the State's return are all the "record evidence" before us. The allegations of the return not being traversed must, under our prerogative writ practice, be taken as true. Cook v. Echols, 16 Ala.App. 606, 80 So. 680.

The petitioner took the stand—called as a witness by the court. The gist of his evidence was that he had served approximately nine and one-half years on his fifteen years when venire de novo was awarded June 9, 1964.

On cross, petitioner testified in part (R. 16):

"Q You pled guilty with the understanding you were to receive credit for the time you served?

"A It wasn't mentioned. The time I had already served, the time—the trials I already had has never been brought up. I pleaded guilty with the understanding I would receive five years.

"Q In other words, it wasn't your understanding then when you received the five years the Judge who sentenced you would give you credit for the time you served?

"A No, indeed. It is not a matter of record either."

Petitioner's attorney at his second trial testified. The District Attorney also took the stand.

A major portion of this proof was as to details of the "trade" which led to the 1965 sentence of five years.

**III.**

█ In Alabama punishment for felonies is fixed in most if not all capital cases by the jury, and in others by the court.

By Rule 14 for Trial Courts at Law,[2] agreements between counsel to be binding

---

2. Code 1940, T. 7, Appendix, Vol. 3, pp. 1149, 1192 (Michie's 1958 Code): "14. No private agreement or consent between

the parties or their attorneys, relating to the proceedings in any cause, shall be alleged or suggested by either against

must be in writing, a matter not shown to exist here. Moreover, no such agreement could or should fetter the judge in his duty to set punishment. In Burton v. State, 40 Ala.App. 146, 109 So.2d 311, we find:

"In addition the alleged agreement which counsel for appellant contends was made was beyond the power of defense counsel and the solicitor to make, in that the sentence to be imposed was within the sole province of the jury [we here interpolate "court" for this crime], and the matter of probation was in the sole province of the court." (Bracketed matter added.)

We have heretofore noted that we have no fluoroscope to view in retrospect the flux of the trial judge's mind as he considers the question of fixing punishment.

Petitioner cites us to Hill v. Holman, D. C., 255 F.Supp. 924, which seems to imply that for a state judge to ignore prior time served on an "erroneous" sentence is to put an *in terrorem* clause in state post conviction procedure.

Hill v. Holman, supra, is not here factually analogous. It involved multiple state court sentences. On new trial, the plea of guilt was addressed to a lesser included offense.

Hill v. Holman, supra, is not pertinent here because: (1) it is a Federal habeas corpus case not taken to the Supreme Court of the United States;[3] (2) it involved on second trial (on a robbery indictment) a plea of guilt to grand larceny, the punishment for which ranges from one up to ten years; (3) from a careful scrutiny of the opinion, we are not privy to whatever evidence was laid before the District Court showing how the State trial judge ignored the 1958–1964 confinement in resentencing Hill for a minimum term in case No. 91715; (4) whatever the mathematical merits, that

case, as we above noted, involved not only four separate indictments but also in No. 91715 a plea of guilty to an embraced non-capital offense.

Closer to the instant appeal is Patton v. State of North Carolina, D.C., 256 F.Supp. 225. There Patton *first* on nolo contendere to robbery (which carried thirty years statutory maximum) was, absent assistance of counsel, sentenced in 1960 to a term of twenty years; and, *second,* after *Gideon,* was awarded a new trial, furnished counsel, pled not guilty, and on conviction again was sentenced to twenty years. Patton had already served at least four years.

However, the Supreme Court of North Carolina had refused to read a presumption of sacrosanctity into a first sentence as a maximum metewand. That is, if the time actually served plus the second sentence did not pass the statutory maximum, the second sentence was not prima facie excessive.

In discharging Patton conditionally, after citing Dowd v. United States ex rel. Cook, 340 U.S. 206, 71 S.Ct. 262, 95 L.Ed. 215, and Cochran v. State of Kansas, 316 U.S. 255, 62 S.Ct. 1068, 86 L.Ed. 1453, for the proposition "that at a second * * * trial credit for time served under a previous invalid sentence must be given," the court remarked:

"* * * Harsher punishment may constitutionally be imposed at a second trial—but there must be a reason for it, and the reason must be discernible."

Were we, in imagination, to assume that the record before us were in a Federal court under Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770, nevertheless the substance of Aaron's claim of injurious error would fail under either yardstick, *Hill* or *Patton.*

the other, unless the same be in writing, and signed by the party to be bound thereby."

3. "As indicated in the margin, it seems to me extremely unlikely that a decision of a single district judge in conflict with

his state supreme court would become effective until at least countenanced by the appropriate circuit court of appeals —if not the United States Supreme Court." Patton v. State of North Carolina, 256 F.Supp. 225.

**454**

### IV.

 Moreover, we do not think that Alabama affords, after motion for new trial wherein the trial judge's power over judgment is kept alive, any post conviction remedy to assert that a sentence is invalid because of a claim of excessiveness if the second sentence does not go beyond the statutory limit. Isbell v. State, 42 Ala.App. 498, 169 So.2d 27. Our Supreme Court has failed to adopt any general rule that our remedy of coram nobis automatically assimilates all rights imposed on state trials by the Fourteenth Amendment. See Wilson, Federal Habeas Corpus and the State Court Criminal Defendant, 19 Vand.L.Rev. 741.

It is equally available to deduce that Aaron's second sentence of five years came from subtracting the time served on the first sentence as that the trial judge on his second arraignment used, as it were, a grab bag with twenty slips (one for each of the twenty possible years) and by blind chance took out a ticket calling for five years. We resolve against the latter as ignoratio elenchi and hence conclude there is no excess of jurisdiction.

.This question of power is the only consideration open on habeas corpus. Ex parte Tanner, 219 Ala. 7, 121 So. 423. A patently erroneous sentence merely voidable is reviewable otherwise. See Ex parte Jenkins, 38 Ala.App. 117, 76 So.2d 858;[4] Thomas v. State, 40 Ala.App. 697, 122 So.2d 535. In Isbell v. State, 42 Ala.App. 498, 169 So.2d 27, a coram nobis appeal, we affirmed though the punishment which led to original sentence was fixed by the judge on a plea of guilty to robbery.

We pretermit "the dead time" question as not being either procedurally or evidentially before us. See Woolford v. Warden, 215 Md. 640, 137 A.2d 646; Murphy v. Commonwealth of Massachusetts, 177 U.S. 155,

20 S.Ct. 639, 44 L.Ed. 711. Cf. Lewis v. Commonwealth, 329 Mass. 445, 108 N.E.2d 922, 35 A.L.R.2d 1277 (particularly hn. 5).

The judgment of the circuit court is due to be and hereby is

Affirmed.

---

4. Ex parte Jenkins, supra, applied the writ of error to review an erroneously fixed sentence. Code 1940, T. 15, § 383, ex- pressly confines the writ to "be granted on some error of law apparent on the transcript of the record."