198 So.2d 789

Ex parte Donald V. MERKES.

I Div. 227.

Court of Appeals of Alabama.

March 14, 1967.

Rehearing Denied April 4, 1967.

Donald V. Merkes, pro se.

MacDonald Gallion, Atty. Gen., for the State.

CATES, Judge.

On February 3, 1967, Merkes filed here a petition to get us to make the Baldwin Circuit Court hear Merkes on a "petition for a correction or modification of the

judgment rendered in Circuit Court Case No. 4147, as filed on date of May 20, 1966."

Merkes says that March 24, 1965, he was sent to the penitentiary for fourteen years for robbery. September 7, 1965, the court on coram nobis undid the March judgment because a jury had not set the punishment.

On September 27, 1965, he was again tried and convicted. This time he was given eleven years. Nothing is said about his not having a jury to say what this sentence should be.

Now Merkes wants credit for the time he served on the fourteen year term, that is six months and three days. He did not make any request for change of sentence until May 20, 1966.

### I.

■ *First,* Merkes did not make this request to the trial court in time. Since it is a one county circuit, Code 1940, T. 13, § 119, ends the power of the Baldwin Circuit Court over its judgments thirty days after rendition. This time limit cannot be changed. Boutwell v. State, 279 Ala. 176, 183 So.2d 774.

### II.

■ *Second,* after the time in which the trial judge can set aside judgment has gone by, there is no State court action in which to make the claim on which Merkes is trying to have the circuit court now act.

In Aaron v. State, 43 Ala.App. 450, 192 So.2d 456, an appeal from denial of habeas corpus, we went into the holdings in Hill v. Holman, D.C., 255 F.Supp. 924, and Patton v. State of North Carolina, D.C., 256 F.Supp. 225. We there said:

"Moreover, we do not think that Alabama affords, after motion for new trial wherein the trial judge's power over judgment is kept alive, any post conviction remedy to assert that a sentence is invalid because of a claim of excessiveness if

the second sentence does not go beyond the statutory limit. Isbell v. State, 42 Ala.App. 498, 169 So.2d 27. Our Supreme Court has failed to adopt any general rule that our remedy of coram nobis automatically assimilates all rights imposed on state trials by the Fourteenth Amendment. See Wilson, Federal Habeas Corpus and the State Court Criminal Defendant, 19 Vand.L.Rev. 741.

"It is equally available to deduce that Aaron's second sentence of five years came form subtracting the time served on the first sentence as that the trial judge on his second arraignment used, as it were, a grab bag with twenty slips (one for each of the twenty possible years) and by blind chance took out a ticket calling for five years. We resolve against the latter as ignoratio elenchi and hence conclude there is no excess of jurisdiction.

"This question of power is the only consideration open on habeas corpus. Ex parte Tanner, 219 Ala. 7, 121 So. 423. A patently erroneous sentence merely voidable is reviewable otherwise. See Ex parte Jenkins, 38 Ala.App. 117, 76 So.2d 858; Thomas v. State, 40 Ala.App. 697, 122 So.2d 535. In Isbell v. State, 42 Ala.App. 498, 169 So.2d 27, a coram nobis appeal, we affirmed though the punishment which led to original sentence was fixed by the judge on a plea of guilty to robbery."

### III.

■ Even were we to take Merkes's petition as one for a writ of error under Ex parte Jenkins, 38 Ala.App. 117, 76 So. 2d 858, we do not consider it to make out any "error of law apparent on the transcript of the record" as Code 1940, T. 15, § 383, puts the limit on that writ.

Here we perceive no miscarriage of justice. We see no reason to go into what should be the rule of credit for prior time until we have to.

Petition denied.