William S. RICE, Petitioner,

v.

Curtis M. SIMPSON, Warden, Kilby Prison, Montgomery, Alabama, Respondent.

Civ. A. No. 2583–N.

United States District Court
M. D. Alabama, N. D.
Sept. 26, 1967.

Oakley W. Melton, Jr., Montgomery, Ala., court-appointed attorney, for petitioner.

MacDonald Gallion, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., State of Alabama, Montgomery, Ala., for respondent.

## ORDER

JOHNSON, Chief Judge.

The petitioner, William S. Rice, by leave of this Court, files in forma pauperis his application for a writ of habeas corpus. He alleges that in the Circuit Court of Pike County in February 1962, upon pleas of guilty in four separate state court criminal cases, he was sentenced to an aggregate of ten years in the state penitentiary.[1] Petitioner alleges, further, that in August 1964, his pleas and the judgment and sentence thereon in each of said state court cases were set aside by the Circuit Court of Pike County, Alabama, upon his application for a writ of error coram nobis and the proof offered in support thereof. The basis for the state court's action was that petitioner was not represented by counsel as constitutionally required by Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799. The petition now presented avers that in December 1964 he was retried in state cases Nos. 6427 and 6428, and upon conviction in the same circuit court, before the same circuit judge, he was sentenced to a term of ten years in No. 6427 and ten years in No. 6428. Petitioner further alleges that in May 1965 in case No. 6430, after conviction, he was sentenced to a term of five years. Case No. 6429 was nol-prossed on motion of the state solicitor in May 1965. Thus, the sentences, after petitioner was successful in his coram nobis proceeding and after he was retried and convicted in these second degree burglary cases—which, by statute in Alabama, carry a maximum sentence of ten years each [2]—now aggregate twenty-five years.

Petitioner contends that in resentencing him the State of Alabama, acting through the circuit judge of the Circuit Court of Pike County, Alabama, failed to give him credit for prior time served on the original sentence; and he alleges, further, that the sentences resulting in his present incarceration that were imposed by the Circuit Court of Pike County in December 1964 and in May 1965, which sentences amount to over three times the aggregate sentences originally imposed in said cases, violate his constitutional rights in that said greater sentences constitute punishment for his having exercised his right to and for having been successful in a post-conviction coram nobis proceeding. Petitioner contends that it is constitutionally impermissible for the State of Alabama to deny him credit for the time served on the void sentence and to force upon him the risk— here a reality—of more severe punishment as a penalty for his having exercised his right to and for having been successful in Alabama post-conviction proceedings. Petitioner did not present either of these issues to the courts of the State of Alabama on the question of exhaustion of state remedies as a state prisoner is ordinarily required to do under 28 U.S.C. § 2254. Petitioner takes the position that his case is one of "exceptional circumstances" in that there is an absence of available state corrective processes.

Upon an examination of the petition as presented, this Court, by formal order entered on July 17, 1967, held that 28 U.S.C. § 2254 did not bar the filing of petitioner's application for a writ of habeas corpus in this court. In making this determination, the Court stated, 271 F.Supp. 267:

"Upon an examination of the petition as now presented and the excellently written argument filed in support thereof, this Court is of the opin-

---

1. In case No. 6427, he was sentenced to four years and in cases Nos. 6428, 6429 and 6430, he was sentenced to two years in each case; the sentences were to be served consecutively.

2. Title 14, § 86, Code of Alabama (1940) (Recomp.1958).

ion that petitioner is afforded no post-conviction remedies by the State of Alabama where his only contentions, in support of his claim that his present incarceration is unconstitutional, are (1) that he was not given credit on resentencing for prior time served upon sentences which were later set aside by the courts of the State of Alabama as being unconstitutional, and (2) that the sentences resulting in his present incarceration were imposed as, and serve as, punishment for his having exercised and been successful in Alabama post-conviction proceedings. In this connection, Judge Cates, speaking for the Alabama Court of Appeals in Aaron v. State, 43 Ala.App. 450, 192 So.2d 456 (Nov. 29, 1966), wrote:

> " 'Moreover, we do not think that Alabama affords, after motion for new trial wherein the trial judge's power over judgment is kept alive, any post conviction remedy to assert that a sentence is invalid because of a claim of excessiveness if the second sentence does not go beyond the statutory limit. Isbell v. State, 42 Ala.App. 498, 169 So.2d 27. Our Supreme Court has failed to adopt any general rule that our remedy of coram nobis automatically assimilates all rights imposed on state trials by the Fourteenth Amendment. See Wilson, Federal Habeas Corpus and the State Court Criminal Defendant, 19 Vand.L.Rev. 741.'

"And, again, the same Judge, speaking for the same court, in March 1967 in Ex Parte Merkes, 43 Ala.App. 640, 198 So.2d 789, reiterated the above-quoted statement from the *Aaron* case and stated further, 'We see no reason to go into what should be the rule of credit for prior time until we have to.'

"The above cases, appearing to represent the law of the State of Alabama upon the questions now presented in petitioner's application, make it apparent that Title 28, § 2254 of the United States Code, does not bar the filing of petitioner's application for the writ of habeas corpus as now presented."

Accordingly, the respondent Warden of Kilby Prison was directed to show cause why the writ of habeas corpus as prayed for by the petitioner, William S. Rice, should not be issued. Upon petitioner's request, the Honorable Oakley W. Melton, Jr., Attorney at Law, Montgomery, Alabama, was appointed to represent petitioner. The case was set for oral hearing before the Court, and now, upon the pleadings, the evidence, and the briefs and arguments of the parties, this Court proceeds to make the appropriate findings of fact and conclusions of law.

The evidence presented is uncontroverted. Petitioner's allegations as above outlined are admitted except the conclusions that he makes as to the reason for the imposition of greater sentences on being resentenced after his "successful" post-conviction proceeding. Petitioner was originally sentenced in the four cases, Nos. 6427, 6428, 6429 and 6430, on February 16, 1962. He entered upon the service of the four-year sentence imposed in No. 6427 on February 16, 1962. He continued upon the service of this four-year sentence until the sentence was set aside by the Circuit Court of Pike County, Alabama, on August 28, 1964. Petitioner earned no statutory and industrial good time[3] during this period of service by reason of infractions of prison rules. However, he did not lose any of the 2 years, 6 months and 12 days he had served on No. 6427 from February 16, 1962 until August 28, 1964. When petitioner was resentenced in December 1964 to ten years in case No. 6427, he was not given any credit on that sentence, nor on the other sentences imposed in Nos. 6428 and 6430, for the time he had previously served on the sentence in No. 6427 that had been declared void by the State of Alabama. As

3. See Title 45, §§ 253, 256, Code of Alabama (1940) (Recomp.1958).

this Court stated in Hill v. Holman, D.C., 255 F.Supp. 924 (1966):

"The constitutional requirements of due process will not permit the State of Alabama to require petitioner Hill, or any other prisoner for that matter, to be penalized by service in the state penitentiary because of an error made by the state circuit court. Petitioner Hill was entitled to have the illegal sentence vacated. This, of course, was done by the Circuit Court of Jefferson County, Alabama, on September 8, 1964. He is also entitled to have the time he served on the erroneous sentence in case No. 91715 before it was vacated applied on the valid sentence that was imposed in that case by the Circuit Court of Jefferson County, Alabama, on September 8, 1964. This means very simply that Hill has more than served the legal sentence imposed upon him in case No. 91715. The record in this case is clear that, instead of Hill's owing the State of Alabama any additional time, the State of Alabama owes Hill for illegal incarceration for a period of between four and five years. He is due to be released immediately. Youst v. United States (5th Cir. 1945), 151 F.2d 666; Hoffman v. United States (9th Cir. 1957), 244 F.2d 378."

And the Fourth Circuit in Patton v. North Carolina, 381 F.2d 636, June 14, 1967, stated:

"It is grossly unfair for society to take five years of a man's life and then say, we now acknowledge that this should not have happened, but we will set everything right by refusing to recognize that it did happen. * * *"

 This rule of due process is applicable in this case and will not allow the State of Alabama to permit petitioner to be penalized by service in the state penitentiary because of an error the Circuit Court of Pike County made in case No. 6427. Petitioner Rice was constitutionally entitled to have the sentence imposed upon him in case No. 6427 (and also in cases Nos. 6428, 6429 and 6430)

vacated. This, of course, was done by the Circuit Court of Pike County, Alabama, on August 28, 1964. He was also constitutionally entitled, upon being resentenced in case No. 6427, to be given credit for each of the days he had served upon the voided sentence that had been imposed on February 16, 1962. In addition, he was constitutionally entitled to any statutory and/or industrial good time allowance that he may have earned upon the service of the sentence in case No. 6427 from February 16, 1962 until August 28, 1964. In this connection, see Short v. United States (1965), 120 U.S. App.D.C. 165, 344 F.2d 550.

 The second issue presented in this case concerns whether the State of Alabama, acting through the Circuit Court of Pike County, Alabama, violated petitioner Rice's constitutional rights by subjecting him to more severe punishment upon his being resentenced in cases Nos. 6427, 6428 and 6430, after the prior sentences in these cases had been declared void and set aside in a post-conviction coram nobis proceeding initiated by Rice in the state court. This Court, after considerable study, has concluded that a sentence imposed by a court on retrial after post-conviction attack that is harsher than the sentence originally imposed— unless some justification appears therefor—violates the Due Process Clause of the Constitution of the United States. Marano v. United States (1st Cir., March 1967), 374 F.2d 583.

In the *Marano* case, the defendant was convicted in the United States District Court for the District of Massachusetts. Upon appeal, the First Circuit Court of Appeals ordered a new trial. Kitchell v. United States, 354 F.2d 715 (1st Cir. 1966). On the second trial, Marano was again convicted, and upon his second conviction he was given a five-year sentence as opposed to the three-year sentence in the first case. When this issue was presented to the First Circuit Court of Appeals, it was stated:

"As we have recently held, a defendant's right of appeal must be unfettered. Worcester v. Commissioner

of Internal Revenue, 1 Cir., 1966, 370 F.2d 713. So far as sentence is concerned, this principle cannot be restricted to those situations in which a defendant, in deciding whether to appeal, must contemplate the certainty of an increased sentence if he obtains a new trial and is convicted again. Not only must he not be faced with such certainty, Worcester v. Commissioner of Internal Revenue, supra, he likewise should not have to fear even the possibility that his exercise of his right to appeal will result in the imposition of a direct penalty for so doing. Accord, Patton v. State of North Carolina, W.D.N.Car., 1966, 256 F. Supp. 225, 80 Harv.L.Rev. 891. But cf. Hayes v. United States, 1957, 102 U.S.App.D.C. 1, 249 F.2d 516, 517, cert. den. 356 U.S. 914, 78 S.Ct. 672, 2 L.Ed.2d 586. But, equally, the judge should not be permitted to change his mind by deciding that he had been too lenient the first time, as was suggested here during oral argument, or, if a new judge, by having a different approach towards sentencing. We do not approve the contrary decision in Shear v. Boles, N.D.W.Va., 2/3/67, 263 F. Supp. 855, cited to us by the government. Such possibilities, if they had to be recognized, might well be substantial deterrents to a decision to appeal." [Footnotes omitted.]

In Patton v. North Carolina, in dealing with this question of a more severe sentence being imposed when a defendant is resentenced after post-conviction proceedings have resulted in voiding the original conviction, the Fourth Circuit stated:

"The risk of a denial of credit or the risk of a greater sentence, or both, on retrial may prevent defendants who have been unconstitutionally convicted from attempting to seek redress. For this reason, the District Court declared that predicating [defendant's] constitutional right to petition for a fair trial on the fiction that he has consented to a possibly harsher punishment, offends the Due Process Clause of the Fourteenth Amendment. * *

"The District Court held that [defendant's] punishment could not be increased unless evidence justifying a harsher sentence appeared in the record, and that the State must bear the burden of showing that such facts were introduced at the second trial, since 'where the record disclose[d] no colorable reason for harsher punishment,' the effect would be to inhibit the constitutional right to seek a new trial. * * *

"We do not think, however, that a defendant's rights are adequately protected even if a second sentencing judge is restricted to increasing sentence only on the basis of new evidence. We are in accord with the First Circuit, [Marano v. United States, 374 F.2d 583,] which has recently held that a sentence may not be increased following a successful appeal, even where additional testimony has been introduced at the second trial. * * * Contra, Starner v. Russell, 378 F.2d 808. * * *

"In order to prevent abuses, the fixed policy must necessarily be that the new sentence shall not exceed the old. Seldom will this policy result in inadequate punishment. Against the rare possibility of inadequacy, greater weight must be given to the danger inherent in a system permitting stiffer sentences on retrial—that the added punishment was in reaction to the defendant's temerity in attacking the original conviction. Even the appearance of improper motivation is a disservice to the administration of justice. * * *

"North Carolina strictly forbids an increase in a defendant's sentence after the trial court's term has expired and service of sentence has commenced. Thus the threat of a heavier sentence falls solely on those who utilize the post-conviction procedures provided by the State. If the state wishes to institute a system permitting upward revision of sentences, it must proceed upon

a rational basis in selecting the class of prisoners it will subject to this threat. It may not discriminate in this regard against those who have exercised the right to a fair trial. This is an arbitrary classification offensive to the equal protection clause. * * * "

The *Patton* case is peculiarly applicable here from a factual standpoint. In 1960 Patton, without the aid of counsel, entered a plea of *nolo contendere* to a charge of armed robbery and was sentenced to twenty years in prison by the North Carolina state court. In 1965 Patton sought post-conviction review, and on the basis of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) (as petitioner Rice did in the Circuit Court of Pike County in this case), obtained a new trial at which time Patton was found guilty of the same offense. The judge sentenced him to twenty years, stating, "I would give you five more years than what I am giving you, but I am allowing you credit for the time that you have served." Patton applied to the United States District Court for the Western District of North Carolina for habeas corpus, claiming that the harsher sentence was a denial of due process and equal protection. The district court held that petitioner must be released unless properly sentenced and, further, that to impose a sentence equal to that given under a previous void conviction is either to deny credit for time served under the previous sentence or to impose a longer sentence. The district

court further held that to deny Patton credit for the time he had served was a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment, as is the imposition of a harsher sentence unless the record shows some justification for it. The Fourth Circuit, in reviewing this case, did not agree with that part of the district judge's reasoning to the effect that it was constitutionally permissible to impose a harsher sentence upon retrial if some justification is shown for it. On this point, the Fourth Circuit Court of Appeals stated:

"We are in accord with the First Circuit [in Marano v. United States, 374 F.2d 583,] which has recently held that a sentence may not be increased following a successful appeal, even where additional testimony had been introduced at the second trial."

This Court does not believe that it is constitutionally impermissible to impose a harsher sentence upon retrial if there is recorded in the court record some legal justification for it.[4]

■ Here, the State of Alabama offers no evidence attempting to justify the increase in Rice's original sentences in cases Nos. 6427, 6428 and 6430 imposed on February 16, 1962 (which sentences totalled eight years to run consecutively), to a ten-year sentence in No. 6427, a ten-year sentence in No. 6428, and a five-year sentence in No. 6430, which sentences are also to run consecutively. It is shocking

4. "Where a heavier sentence is imposed [following a 'successful' appeal] the burden is upon the State to build a record to support the imposition of harsher punishment." Gainey v. Turner, 266 F. Supp. 95, 103 (E.D.N.C.1967) citing Patton v. State of North Carolina, 256 F. Supp. 225, 235 (W.D.N.C.1966), aff'd 381 F.2d 636 (4th Cir. 1967). See also *Marano*, supra at 585, where the First Circuit held that while it is impermissible to consider evidence of aggravating circumstances arising out of evidence of the crime it is nevertheless permissible to consider other facts made known to the sentencing court which would have a legitimate bearing on the imposition of sentence. "We do not think it inappropriate

for the court to take subsequent events into consideration, both good and bad." Shear v. Boles, 263 F.Supp. 855 (N.D. W.Va.1967), to the extent that it holds that in cases such as this the burden is on the person attacking the second harsher sentence to show that it was motivated by impermissible factors, is rejected.

Unless the reasons for the imposition of a harsher sentence affirmatively appear of record, it cannot be presumed that the motives which prompted the imposition of such a sentence are constitutionally permissible. Cf. Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962); Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).

that the State of Alabama has not attempted to explain or justify the increase in Rice's punishment—in these three cases, over threefold.

██ The basic concept of due process makes it unfair for the State of Alabama to imprison Rice in February 1962, to offer him the right to post-conviction review [5] to test and set aside constitutionally defective sentences, and then to subject him to greater punishment— three times greater than originally imposed—if he successfully exercises that right. Under the evidence in this case, the conclusion is inescapable that the State of Alabama is punishing petitioner Rice for his having exercised his post-conviction right of review and for having the original sentences declared unconstitutional.

██ An equally strong basis upon which the harsher sentences imposed by the Circuit Court of Pike County in these cases are unconstitutional is that they voilate the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States. Patton v. State of North Carolina, supra. In Alabama, there can be no increase in a sentence in a criminal case after the sentence is imposed. This is a protection that is given to all convicted criminals in this state. To deny such protection to convicted criminals who elect to exercise their post-conviction remedies and who do so successfully is unfair discrimination and does nothing except serve to limit the use of post-conviction proceedings in the Alabama state courts by prisoners. It denies the prisoner the protection of his original sentence as a condition to the right of appealing his conviction, or exercising his post-conviction remedies. Such a denial is constitutionally impermissible when the risk of a harsher sentence—as it is if the position of the State of Alabama is to be sustained—is borne exclusively by those who pursue their appellate rights of post-conviction reme-

dy. Cf. Smartt v. Avery, 370 F.2d 788 (6th Cir. 1967). It is basic to the theory of equal protection that the imposition of harsher treatment on prisoners solely because they successfully pursue available post-conviction remedies cannot possibly bear any rational connection with any legitimate state interest. In order to protect this constitutional right, the original sentence, which the state may no longer challenge of its own accord, must operate as a ceiling for any sentence subsequently imposed following the successful post-conviction proceeding and retrial of the accused for the same offense. This means that, in the absence of some showing of necessity or justification, the maximum sentence that could be constitutionally imposed upon petitioner Rice in state court case No. 6427 after his reconviction in December 1964, was four years and in case No. 6428, two years and in case No. 6430, two years. This Court, in the absence of some competent evidence, cannot accept the contention that the state makes in this case that case No. 6429 was nol-prossed in order to compensate petitioner for the time served on the illegal sentence imposed on February 16, 1962 in case No. 6427. On the contrary, when the illegal sentences were set aside in August 1964—including the one entered in case No. 6429—and the state was put to its proof, the nol-pros was entered for some reason other than a sympathetic one toward Rice. In all probability, the answer lies in the circuit solicitor's affidavit that the state attached to its return and answer in this case, which indicates that the solicitor was "informed by the Sheriff that the owner of the service station involved in the charge in case number 6429 had left Alabama, and as I remember, resided in North Carolina." The imposition of sentences totalling three times greater than those originally imposed permits no other reasonable explanation as to the abandonment of the prosecution in case No. 6429.

5. In Alabama, this review is by writ of error coram nobis. See Wiman v. Argo, 308 F.2d 674, 677–678 (5th Cir. 1962). This method of post-conviction review in lieu of habeas corpus is constitutionally permissible. Taylor v. State of Alabama, 335 U.S. 252, 261, 68 S.Ct. 1415, 92 L. Ed. 1935 (1948).

In summary, the State of Alabama must give petitioner Rice credit for the time he served upon the illegal sentence imposed in February 1962 in state court case No. 6427. Additionally, the State of Alabama must give petitioner Rice credit for the time he has served to date on case No. 6427 imposed in December 1964. In this connection, Rice, as noted above, served 2 years, 6 months and 12 days on the sentence imposed in No. 6427 before that sentence was voided by the state circuit court. Since being resentenced in December 1964 in No. 6427, Rice has served an additional 1 year, 10 months and 26 days; and since being resentenced in No. 6427, he has earned 9 months and 26 days "good time." Thus, Rice has, as of August 31, 1967, actually served 4 years, 5 months and 8 days on the four-year sentence as originally imposed in No. 6427. If given credit for his "good time"—and this credit must be given [6]—Rice has, as of August 31, 1967, served the equivalent of 5 years, 3 months and 4 days on this four-year sentence. Rice is entitled to be released immediately from any further incarceration by reason of the sentence imposed by the Circuit Court of Pike County in state court case No. 6427. Furthermore, Rice is entitled to have credited to the two-year sentences—the maximum constitutionally valid in Nos. 6428 and 6430—the time served on No. 6427 that exceeds four years.

In accordance with the foregoing, it is the order, judgment, and decree of this Court that the petitioner, William S. Rice, is presently illegally incarcerated by the respondent, Curtis M. Simpson, Warden of Kilby Prison, by reason of the sentence imposed by the Circuit Court of Pike County, Alabama, in state court case No. 6427 in December 1964.

It is ordered that William S. Rice be discharged immediately from the custody of the State of Alabama and the custody of Curtis M. Simpson as Warden of Kilby Prison, Montgomery, Alabama, which custody is or may be pursuant to the conviction and judgment of the Circuit Court of Pike County, Alabama, in state court case No. 6427 rendered and imposed in December 1964.

It is further ordered that the costs incurred in this proceeding be and they are hereby taxed against the respondent, for which execution may issue.

---

6. To the extent that Newman v. Rodriguez, 375 F.2d 712 (10th Cir. 1967), is to the contrary, this Court declines to follow it for the reasons stated in Hill v. Holman, 255 F.Supp. 924 (M.D.Ala.1966).