James Lee JONES, Petitioner,

v.

N. L. HALE, Respondent.

Civ. A. No. 4723-67-P.

United States District Court

S. D. Alabama, S. D.

Dec. 29, 1967.

James Lee Jones, pro se.

John C. Tyson III, Asst. Atty. Gen., Montgomery, Ala., Lewey Stephens, Jr., Dist. Atty., Elba, Ala., for respondent.

## ORDER

PITTMAN, District Judge.

By order of this court filed herein on October 27, 1967, the petitioner, James Lee Jones, was granted leave to file and proceed in forma pauperis on his application for a writ of habeas corpus. At the same time, this court ordered and directed that the respondent, N. L. Hale, Warden of Atmore Prison Farm, Atmore, Alabama, appear and show cause why the writ as prayed for by the petitioner should not issue. The Attorney General for the State of Alabama filed a return and answer on behalf of the respondents.

Upon consideration of the petition for a writ of habeas corpus and the return and answer as filed on behalf of the respondents, it appears that petitioner Jones is presently incarcerated by the State of Alabama at Atmore Prison Farm, Atmore, Alabama, by virtue of a judgment of the Circuit Court of Pike County, Alabama, rendered on June 27, 1966.

On February 3, 1967, the Circuit Court of Pike County, Alabama, held a hearing on petitioner's "Motion to Vacate or Petition for Writ of Error Coram Nobis" and appointed counsel to represent the petitioner at the hearing. On February 9, 1967, the Circuit Court of Pike County entered its order denying the petition. The petitioner gave notice of appeal and on September 12, 1967, the Alabama Court of Appeals entered its order affirming the circuit court. Petitioner has thus exhausted his remedies in the state court as required by Title 28, Section 2254, United States Code. Under the rules established by the Supreme Court in Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), it appears that the state court trier of fact has after a full hearing reliably found the relevant facts and thus there is no need for an evidentiary hearing by this court.

In his petition, petitioner contends that the sentence he is serving is unlawful in that he was sentenced for escaping from custody of the state while serving sentences which were later set aside by the state courts and that thus he was serving under sentences which were void and he could not therefore be lawfully charged with escape. In addition he contends that he should have been given credit for the time he served under the sentences which were set aside on the sentence he is currently serving.

At the hearing held in the Circuit Court the petitioner testified that at the time of his escape from Camp Troy he was serving sentences imposed by the Circuit Court of Montgomery County, Alabama, on February 26, 1957, in cases numbered 7823, 8066, 8067 and 8069. He was sentenced to eleven years and six months in those cases and placed on probation which was later revoked. He then began serving those sentences at one of the Department of Corrections' road camps at Troy, Alabama. During the latter part of November, 1963, he escaped and was arrested on December 11, 1963, on a charge of attempting to burglarize a post office. After serving a federal sentence for that offense he entered a plea of guilty to the charge of escape on June 27, 1966, in Pike County and was sentenced to two years. By order of the Circuit Court of Montgomery County dated December 7, 1966, those sentences were set aside in response to the petition for writ of error coram

nobis filed by petitioner since the petitioner was not represented by counsel at the time of his trial.

In the petition for writ of error coram nobis filed in Pike County and in the habeas corpus petition before this Court, petitioner alleges that since the convictions he was serving were set aside by the order of the Court granting his writ of error coram nobis he was under a void sentence and could not therefore be convicted of escape from custody pursuant to those sentences which were set aside.

It appears that this issue has not been decided by the appellate courts of Alabama. The court adopts, however, the view expressed by the Fifth Circuit Court of Appeals in Aderhold, Warden v. Soileau, 67 F.2d 259 (5th Cir. 1933):

> * * * A prisoner in a penal institution whose sentence is irregular or voidable may not for that reason, and before some court has so adjudged, defy his guards and run away. A difference of opinion might cause a death. Such a doctrine would set discipline at naught. * * * We are of opinion that attempts at escape from such institutions are thereby forbidden to all inmates, and that, if they consider their confinement improper they are bound to take other means to test the question.

■ Escape from custody cannot be justified on the basis that the sentence was subsequently set aside. Boydston v. Wilson, 365 F.2d 238 (9th Cir. 1966); Lucas v. United States, 325 F.2d 867 (9th Cir. 1963); Mullican v. United States, 252 F.2d 398 (5th Cir. 1958); Lopez v. Swope, 205 F.2d 8 (9th Cir. 1953); Godwin v. United States, 185 F.2d 411 (8th Cir. 1950); Bayless v. United States, 141 F.2d 578 (9th Cir. 1944), cert. denied 322 U.S. 748, 64 S.Ct. 1147, 88 L.Ed. 1580; State ex rel. Wilson v. Culver, 110 So.2d 674 (1959).

■ In addition to the allegation in his coram nobis petition, petitioner also alleges in the habeas corpus petition that he is entitled to credit on his sentence for escape for the time served on the sentences from Montgomery County which were subsequently set aside. The court will consider that contention in that as to this particular allegation there exist "circumstances rendering (state) process ineffective to protect the rights of the parties." This circumstance is that the State of Alabama offers no post-conviction remedy with which to raise the question presented by the present petition. Rice v. Simpson, 271 F.Supp. 267; 274 F.Supp. 116 (M.D. Ala. 1967); Merkes v. Simpson et al. Civil Action No. 2597-N, U.S.D.C.MD. Ala., September 26, 1967; *Ex parte Merkes*, 43 Ala.App. 640, 198 So.2d 789 (1967), cert. denied 281 Ala. ——, 198 So.2d 790 (1967); Aaron v. State, 43 Ala.App. 450, 192 So.2d 456(1966).

In his petition, petitioner cites and relies upon Hill v. Holman, 255 F.Supp. 924 (M.D.Ala.1966). In that case it was held that "The constitutional requirements of due process will not permit the State of Alabama to require petitioner Hill, or any other prisoner for that matter, to be penalized by service in a state penitentiary because of an error made by the state circuit court." 255 F.Supp. at 925.

■ Hill v. Holman, supra, involved a subsequent sentence based on the same act which resulted in the sentences that were set aside. The sentence in the case before this court is based on an entirely different act from those for which petitioner was serving sentences which were set aside. Should the petitioner be re-tried and convicted for the same offenses for which he served the six years, then the doctrines announced in Hill v. Holman, supra, and Zaffarano v. Blackwell, 383 F.2d 719 (5th Cir. 1967) would be relevant. There is no merit in his present contention. Petitioner's present incarceration is not a result of his having exercised his right to and for having been successful in Alabama post-conviction proceedings. He is not being penalized because of errors made by the Circuit Court of

Montgomery County but is incarcerated because of his escape from custody.

Accordingly, the sentence under which petitioner is presently incarcerated is valid and was not imposed in contravention of petitioner's constitutional rights. In accordance with the foregoing, it is the order, judgment, and decree of this court that the petition of James Lee Jones for the writ of habeas corpus be and the same is hereby denied.