James Edward **WILLIAMS**, Appellant,

v.

**STATE OF ALABAMA and N. L. Hale,**
**Warden, Appellees.**

No. 26287.

United States Court of Appeals
Fifth Circuit.

Dec. 2, 1968.

James Edward Williams, pro se.

MacDonald Gallion, Atty. Gen., Paul T. Gish, Jr., Asst. Atty. Gen., Montgomery, Ala., Carl M. Booth, Dist. Atty., Mobile, Ala., for appellees.

Before THORNBERRY and DYER, Circuit Judges, and KEADY, District Judge.

PER CURIAM:

This appeal is from the district court's denial of appellant's petition for writ of habeas corpus. Appellant, not represented by counsel, was convicted upon his pleas of guilty in cases Nos. 2982, 2983 and 2984 to grand larceny and sentenced to five-year consecutive sentences in each case, a total of fifteen (15) years, in the Circuit Court of Mobile County, Mobile, Alabama. His application to the trial court for writ of error coram nobis was successful and his pleas and convictions were set aside.

Thereafter, Williams pled not guilty in No. 2983 but was found guilty by a jury which fixed punishment at ten (10) years' imprisonment. He entered guilty pleas in Nos. 2982 and 2984 and was sentenced to a year and a day on each, those sentences to run concurrently with each other and consecutively to his ten-year sentence.

In his habeas application to the United States District Court, appellant contended that the state court, in resentencing him, failed to give him credit for time served on the original sentence, and that the sentence imposed on retrial of case No. 2983 exceeded that imposed at his first trial in that case. The court below ordered that appellant be given credit for time previously served, but found that the imposition of a longer sentence in No. 2983 did not violate a constitutional right. We affirm.

■ As we said in Castle v. United States, 5th Cir. 1968, 399 F.2d 642, the general rule, to which there are few exceptions, is that a sentence within the statutory limits is not subject to constitutional challenge. Under Patton v. North Carolina, 4th Cir. 1967, 381 F.2d 636, one exception is that valid due process and equal protection objections can be made to the increase of a sentence on retrial after the original sentence has been set aside by collateral attack. In the instant case, the sentence in No. 2983 was increased from five to ten years on retrial, the second sentence having been assessed by a jury which was unaware of the first. The trial judge, however, offset the increase in No. 2983 by reducing the sentences in Nos. 2982 and 2984 from five years on each to a year and a day on each, thereby making Williams' total sentence eleven years as compared with fifteen years originally. Rice v. Simpson, M.D.Ala.1967, 274 F.Supp. 116, aff'd., 5th Cir. 1968, 396 F.2d 499, on which appellant relies, is distinguishable because there the aggregate time assessed for five criminal convictions was increased from eight to twenty-five years on retrial. It was clear that Rice was penalized for exercising his post-convic-

tion remedies whereas here it is equally clear that appellant was not penalized for exercising post-conviction remedies.

Affirmed.