Gregory **METOYER**, Petitioner,

v.

**Curtis M. SIMPSON, Warden, Kilby Prison, Montgomery, Alabama, et al., Respondents.**

**Civ. A. No. 2795-N.**

United States District Court
M. D. Alabama, N. D.

Jan. 15, 1969.

MacDonald Gallion, Atty. Gen., State of Alabama, and David W. Clark, Asst. Atty. Gen., State of Alabama, Montgomery, Ala., for respondents.

Gregory Metoyer, in pro. per.

**ORDER**

JOHNSON, Chief Judge.

By order of this Court filed herein on November 18, 1968, the petitioner, Gregory Metoyer, was granted leave to file and proceed in forma pauperis on his application for writ of habeas corpus. At the same time this Court ordered and directed that Curtis M. Simpson, Warden of Kilby Prison, Montgomery, Alabama, appear and show cause why the writ as prayed for by the petitioner should not issue. The Attorney General for the State of Alabama on December 18, 1968, filed a return and answer on behalf of the respondent Warden. Upon receipt of the return and answer this cause was set for a pretrial hearing, pursuant to Rule 16 of the Federal Rules of Civil Procedure, which was held January 10, 1969.

By agreement of the parties this cause is now submitted upon the petition for writ of habeas corpus, the return and answer as filed upon behalf of the respondent Warden and an oral stipulation that the essential facts in this cause are as represented in the petition for writ of habeas corpus. It appears that petitioner Metoyer is presently incarcerated by the State of Alabama at Kilby Prison, Montgomery, Alabama, by virtue of a judgment of the Circuit Court of Jefferson County, Alabama, rendered on June 12, 1967. Respondents do not dispute that petitioner has exhausted the remedies available to him in the Courts of the State of Alabama, as he is required to do under Section 2254, Title 28, United States Code.

It appears that petitioner Metoyer was convicted on November 30, 1961, for the offense of robbery, upon which conviction he was sentenced to a term of 20 years. Robbery is punishable in Alabama by sentences from 10 years' imprisonment to death. Title 14, Sec. 415, Code of Alabama (Recomp.1958). On August 11, 1966, some 4 years and 8 months later, the same Circuit Court granted a writ of error coram nobis, set aside the judgment, the sentence and

the plea of guilty, and restored the case to the trial docket.

Unable to make a bond set at $20,000, petitioner was maintained in custody until June 12, 1967, at which time he withdrew his plea of not guilty and entered a plea of guilty to the lesser offense of larceny. It is agreed that the facts upon which this conviction is based are the same as those upon which the previous conviction for robbery was based. Petitioner was sentenced to a term of 8 years' imprisonment upon this conviction. Larceny is punishable in Alabama by sentences from 1 to 10 years. Title 14, Sec. 331, Code of Alabama (Recomp. 1958), as amended.

Petitioner contends that he is entitled to credit for the time served on the robbery conviction against the sentence imposed upon him on the present larceny conviction. It is not disputed that if Metoyer received this credit, he would be due to be released. Petitioner relies upon Hill v. Holman, 255 F.Supp. 924 (M.D.Ala.1966) in which this Court stated:

"The constitutional requirements of due process will not permit the State of Alabama to require petitioner Hill, or any other prisoner for that matter, to be penalized by service in the state penitentiary because of an error made by the state circuit court. Petitioner Hill was entitled to have the illegal sentence vacated. This, of course, was done by the Circuit Court of Jefferson County, Alabama, on September 8, 1964. He is also entitled to have the time he served on the erroneous sentence in case No. 91715 before it was vacated applied on the valid sentence that was imposed in that case by the Circuit Court of Jefferson County, Alabama, on September 8, 1964."

The State of Alabama suggests that petitioner has had ample benefit from the vacation of sentence because he now faces a term of 8 years on a charge of larceny rather than 20 years on a charge of robbery. It is noted that the 12-year "benefit" petitioner has received is greater than the credit for time served that he seeks. That does not distinguish Hill v. Holman, supra. In that case, Hill was given no credit for the approximately 6 years he served on his original illegal sentence on a robbery conviction when he was given a valid sentence of 1 year and 1 day on a conviction on a guilty plea to the offense of larceny from the person. The only offense for which petitioner Metoyer has been convicted is larceny and that conviction is based upon the same facts that formed the basis for the robbery conviction. The courts of Alabama set aside the robbery conviction and by reason of that action Metoyer was not, and has not ever been, legally convicted of the offense of robbery. The only legal conviction is for larceny, for which he received a sentence on June 12, 1967, of 8 years' imprisonment. When given credit for the time he served on the illegal robbery sentence that was vacated by the Alabama courts, he has now served the time required to entitle him to release upon the 8-year sentence for larceny. As in the case of petitioner Hill, in Hill v. Holman, supra, Metoyer is not to be penalized because of an error made by the courts of the State of Alabama in the prosecution and conviction for robbery, which error they acknowledged. Since Metoyer is entitled to have the time he served on the erroneous sentence for robbery credited to the sentence he received for larceny, he is now entitled to be released.

It is, therefore, in accordance with the foregoing and for good cause, the order, judgment and decree of this Court that Gregory Metoyer is presently illegally incarcerated by the respondent, Curtis M. Simpson, Warden, Kilby Prison, his incarceration being in violation of due process of law as guaranteed by the Constitution of the United States. It is the further order, judgment and decree of this Court that Gregory Metoyer be discharged from the custody of the State of Alabama and the custody of Curtis M. Simpson as Warden of Kilby Prison, Montgomery, Alabama, and from the custody of any other officers, employees,

**1336**

or agents of the State of Alabama, which custody is pursuant to the convictions and judgments of the Circuit Court of Jefferson County, Alabama, rendered on June 12, 1967, on convictions for larceny. It is ordered that Gregory Metoyer's release be not later than 5 o'clock P.M., Friday, February 7, 1969.

It is further ordered that the costs incurred in this proceeding be and they are hereby taxed against the respondents for which execution may issue.