269 So.2d 181

**Homer DIXON**

v.

**STATE.**

**4 Div. 180.**

Court of Criminal Appeals of Alabama.

Nov. 14, 1972.

Joseph E. Faulk, Troy, for appellant.

William J. Baxley, Atty. Gen., and Don C. Dickert, Asst. Atty. Gen., for the State.

HARRIS, Judge.

This is an appeal from denial of relief under coram nobis. Petitioner was originally indicted for murder in the first degree. He appeared in the Circuit Court of Pike County with appointed counsel on March 5, 1971, and pleaded guilty to murder in the second degree. After compliance with the standards prescribed in Boykin v. Alabama, the trial judge sentenced Dixon to a term of twenty-five years in the penitentiary. Title 15, Section 277, Code of Alabama 1940, as last amended.

On October 18, 1971, this petition for writ of error coram nobis was filed seeking to set aside and vacate the judgment and sentence imposed on March 5, 1971. Along with the petition the petitioner filed a pauper's oath. The court set the cause for a hearing on November 24, 1971, and appointed counsel to represent petitioner on said hearing. The court also ordered the Board of Corrections of the State of Alabama to have petitioner present in Troy, Alabama, on or before November 12, 1971, so that ample time would be afforded petitioner to confer with his counsel before the hearing date.

At the hearing petitioner testified that his only purpose in filing the petition was to get the court to "cut my time down."

"Q. The purpose of this petition is to have your time cut down?

"A. Yes, sir.

"Q. Is that the only thing that you know of that you are raising in the petition?

"A. That's all."

He further testified that he shot and killed deceased; that he was satisfied with the services of his appointed counsel at the time he entered the plea of guilty; that his plea was voluntary but it just seemed to him that he got too much time.

Petitioner is here with a free transcript and the attorney, who represented him below was appointed to represent him on this appeal and he filed briefs.

After the trial court has lost jurisdiction by the lapse of thirty days from the date of sentence (absent a motion for a new trial which is kept alive), the claim of excessive punishment which does not go beyond the statutory limit does not warrant relief by way of coram nobis. Aaron v. State, 43 Ala.App. 450, 192 So.2d 456; Ex parte Merkes, 43 Ala.App. 640, 198 So. 2d 789, cert. den. 281 Ala. 722, 198 So.2d 790; Title 13, Section 119, Code of Alabama 1940.

The judgment of the circuit court is due to be and is hereby affirmed.

Affirmed.

All the Judges concur.