109 So.2d 311

Leo BURTON

v.

STATE.

6 Div. 630.

Court of Appeals of Alabama.

Feb. 17, 1959.

J. Terry Huffstutler, Birmingham, for appellant.

John Patterson, Atty. Gen., and Robt. P. Bradley, Asst. Atty. Gen., for the State.

HARWOOD, Presiding Judge.

On 19 March 1956 this appellant, with leave of the court, withdrew his plea of not guilty, and entered a plea of guilty to manslaughter in the first degree. Pursuant to a jury's verdict judgment of guilt was entered on 11 May 1956, and appellant was sentenced to imprisonment in the penitentiary for three years.

On 21 May 1956 appellant filed a motion for a new trial, which was heard on 1 June 1956.

On 1 June 1956 the State moved to strike the motion for a new trial, and this motion was granted.

An appeal was perfected to this court, the case coming here on a record proper.

We held that it being clear that the lower court erroneously struck the motion for a new trial on the theory that the thirty day period within which to file a motion for a new trial began on the date of the verdict rather than the date of judgment, the judgment striking the motion for a new trial was reversed and the case remanded to the

circuit court for a hearing on the motion for a new trial. 97 So.2d 164.

Thereafter, and on 11 October 1956 the lower court set aside its order dismissing the motion for a new trial, and set a hearing thereon for 18 October 1957.

On 15 October 1957 the appellant filed an amendment to his motion for a new trial setting forth three additional grounds of alleged error.

The motion was heard on 18 October 1957 and denied.

The original motion for a new trial filed on 21 May 1956 contained eleven grounds.

Grounds 1, 2, 3, 4, 5, 7, 8, and 9 assert in various ways that the counsel for appellant had entered into an agreement with the circuit solicitor that if appellant would withdraw his plea of not guilty and enter a plea of guilty, the appellant would be given a sentence of two years and placed on probation by the court; and that the court erred in refusing appellant the right to withdraw his plea of guilty upon the agreement being called to the court's attention.

The record fails to show that the court was informed of any agreement of any sort at any time other than by the motion for a new trial.

At the hearing on the motion for a new trial counsel for appellant testified to the effect he had agreed with the solicitor to withdraw appellant's plea of not guilty, and enter a plea of guilty, the appellant to receive a sentence of two years, and be placed on probation.

The circuit solicitor, testifying for the State, denied vehemently any such agreement.

This in and of itself merely presented a question of fact within the province of the court to resolve. Certainly we are in no position to say that the trial court abused his discretion in the conclusion reached.

Further, such grounds presented no valid basis for granting a new trial, since: "No private agreement or consent between the parties or their attorneys, relating to the proceedings in any cause, shall be alleged or suggested by either against the other, unless the same be in writing, and signed by the party to be bound thereby." Circuit and Inferior Court Rules, Rule 14, Code 1940, Tit. 7 Appendix; Supreme Court Rule 22, Code 1940, Tit. 7 Appendix.

In addition the alleged agreement which counsel for appellant contends was made was beyond the power of defense counsel and the solicitor to make, in that the sentence to be imposed was within the sole province of the jury, and the matter of probation was in the sole province of the court.

Clearly the lower court did not err in denying the appellant's motion for a new trial on the above mentioned grounds.

Grounds 10 and 11 of the original motion for a new trial assert as error that the court failed to ask the defendant why the sentence of the law should not be pronounced upon him prior to pronouncing sentence.

The judgment entered specifically recites: "The said defendant being in open court in his own proper person, and by counsel and being asked by the court if he had anything to say why the judgment of the court and sentence of the law should not be pronounced upon him, says nothing."

Counsel for appellant at the hearing on the motion testified that appellant had not been asked why the sentence of the law should not be imposed prior to the imposition of the sentence.

A judgment cannot be contradicted by matters not appearing in the record proper. Bray v. State, 16 Ala.App. 433, 78 So. 463.

A motion for a new trial is no part of a record proper, which in a criminal case consists of the caption of the case, stating the time and place of holding the court, the indictment, or information, with endorsement, arraignment, plea of defendant, empaneling of jury, if any, the verdict, and judgment.

Further, our circuit courts are courts of record of general jurisdiction. Recitals in a judgment record of such court as to jurisdictional facts import absolute verity unless contradicted by other portions thereof. Ex parte Tanner, 219 Ala. 7, 121 So. 423, and cases cited therein.

The court therefore properly denied the motion for a new trial in so far as grounds 10 and 11 are concerned.

As before stated the appellant, on 15 October 1957, some seventeen months after judgment, filed an amendment to his motion for a new trial.

This abortive amendment contained three additional grounds. Grounds 11 and 12 allege that judgment was invalid in that it was based on a verdict which was void because no evidence was presented to the jury.

Ground 13 alleges the judgment to be void because based upon a verdict rendered by jury not lawfully empanelled.

We pretermit a discussion of the evidence presented by the State to meet these grounds, or the lack of evidence presented by the appellant to sustain them, inasmuch as none of the grounds are germane to the motion as originally filed.

A court cannot entertain an amendment to a motion for a new trial to bring in new matters filed more than thirty days after date of judgment, Ex parte Myers, 246 Ala. 460, 21 So.2d 113; and if allowed, will not be considered on appeal. Sorsby v. Wilkerson, 206 Ala. 190, 89 So. 657.

This judgment is due to be affirmed, and it is so ordered.

Affirmed.