217 So.2d 249

### Cecil Eddie HAUN

v.

### STATE.

**2 Div. 176, 177.**

Court of Appeals of Alabama.

March 19, 1968.

Rehearing Denied April 16, 1968.

Richard A. Thompson, Tuscaloosa, for appellant.

MacDonald Gallion, Atty. Gen., and Marlin Mooneyham, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

Two indictments were preferred against defendant for the offense of grand larceny. He pleaded guilty to both charges, was adjudged guilty and was sentenced to two years in the penitentiary in each case, the sentences to run concurrently. The cases are consolidated on appeal.

A ground of the motion for a new trial is: "That arraignment, appointment of counsel, and pleas to the charges were of the same day."

Counsel insists in brief that his constitutional rights were violated when the trial court appointed counsel, arraigned him, accepted his plea of guilty and sentenced him all on the same day, in that this was a denial of due process because counsel did not have sufficient time to prepare his case. It is further insisted that the judgment entries do not affirmatively show that the pleas of guilty were received in open court.

The record shows that on October 17, 1966, defendant appeared in open court, at which time the court explained the nature of the charges against him and informed him as to his constitutional rights. Whereupon, defendant made known to the court that he did not have counsel to represent him nor funds with which to employ an attorney and requested that the court appoint an attorney for him. Thereupon, in response to such request, the court appointed an attorney to represent the defendant and said attorney accepted the appointment and agreed to represent the defendant. The judgment entry in each case recites in pertinent part:

"This the 18 day of October, 1966, came Virgis Ashworth, Deputy District Attorney, who prosecutes for the State of Alabama, and also came the defendant in his own proper person and by his attorney, and the said defendant being duly arraigned upon said indictment, for his plea thereto, says that he is guilty of Grand Larceny as charged in the indictment.

"And on this the 18th day of October, 1966, the said defendant being now in open Court and being asked by the Court if he had anything to say why the judgment of the Court and the sentence of the law should not now be pronounced upon him says nothing." (Here followed the judgment of guilt and the sentence of the court.)

"October 18, 1966. The defendant in open court gives notice of and takes an appeal to the Court of Appeals of Alabama and on motion of the defendant, the sentence imposed is suspended pending said appeal and the defendant's appeal bond is fixed by the Court at the sum of $1000.00, to be conditioned as required by law."

The appeal bond recites that the defendant was "duly convicted in the circuit court of Perry County on October 17, 1966." The appellant insists that this recital in the appeal bond substantiates his contention that he actually pleaded guilty on October 17, 1966.

 In answer to this argument, we adopt the following from the attorney general's brief:

"A judgment cannot be contradicted by matters not appearing in the record proper. Burton v. State, 40 Ala.App. 146, 109 So.2d 311; Bray v. State, 16 Ala. App. 433, 78 So. 463. An appeal bond is no part of a record proper, which in a criminal case consists of the caption of the case, stating the time and place of holding the Court, the indictment, or information, with endorsement, arraignment, plea of defendant, empaneling of the jury, if any, the verdict, and judgment. Burton v. State, supra.

"Also our Circuit Courts are Courts of record of general jurisdiction. Recitals in a judgment record of such Court as to jurisdictional facts import absolute verity unless contradicted by other portions thereof. Burton v. State, supra; Ex parte Tanner, 218 [219] Ala. 7, 121 So. 423. With this rule in mind, October 18, 1966 must be held to be the date of the trial."

In Avery v. Alabama, 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377, the Supreme Court said:

"Since the Constitution nowhere specifies any period which must intervene between the required appointment of counsel and trial, the fact, standing alone, that a continuance has been denied, does not constitute a denial of the constitutional right to assistance of counsel."

■ Even if it be conceded that the plea of guilty was accepted on the same day counsel was appointed, that fact alone would not be a denial of due process.

The judgment is affirmed.

Affirmed.