300 So.2d 124

**In re Willie Lee TWYMAN**

v.

**STATE.**

**Ex parte STATE of Alabama ex rel. ATTORNEY GENERAL.**

**SC 716.**

Supreme Court of Alabama.

July 11, 1974.

William J. Baxley, Atty. Gen., Montgomery, and David L. Weathers, Asst. Atty. Gen., Birmingham, for the State, petitioner.

No brief for respondent.

COLEMAN, Justice.

On a plea of guilty, defendant was convicted of buying, receiving, etc., stolen property and sentenced to serve three years in the penitentiary. Code 1940, Title 14, § 338.

The Court of Criminal Appeals, 53 Ala. App. 351, 300 So.2d 121 reversed and held that the record fails to show compliance with Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, as applied in Honeycutt v. State, 47 Ala.App. 640, 259 So.2d 846; 288 Ala. 743, 259 So.2d 848; and Walcott v. State, 48 Ala.App. 754, 263 So.2d 177; 288 Ala. 546, 263 So.2d 178. On petition by the state, this court granted certiorari. The cases cited by the Court of Criminal Appeals will be next considered.

In *Honeycutt*, the record did not contain a report of ". . . the judge's inquiries together with the defendant's responses thereto . . .," and the Court of Criminal Appeals expressed the opinion ". . . that to preserve a record adequate for any future review as required by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L. Ed.2d 274, the judge's inquiries together with the defendant's responses thereto should appear in the record."

The Court of Criminal Appeals also pointed out that the judgment entry on the date of sentencing ". . . does not affirmatively show that defendant's counsel was present at the sentencing . . .," and reversed the judgment.

This court, in a memorandum opinion, denied certiorari on petition by the state. 288 Ala. 743, 259 So.2d 848. The memorandum opinion does not show which of the two grounds for reversal mentioned by the Court of Criminal Appeals was considered adequate by the Supreme Court.

The instant case differs from *Honeycutt* in that here the record does show that defendant's counsel was present at the sentencing. The judgment of conviction, which is hereinafter set out and referred to as the minute entry, recites:

"On this the 1st. day of June 1973, comes the State of Alabama by its Dis-

trict Attorney and comes also the defendant in his own proper person and by his attorney, Otis R. Burton, Jr. and the defendant being arraigned in open court, for answer to the indictment pleads and says that he is guilty in manner and form as charged therein.

". . ."

The instant record also differs from *Honeycutt* in that the instant record contains the following:

"GUILTY PLEA

"STATE OF ALABAMA ⎤ IN THE CIRCUIT COURT
"TALLADEGA COUNTY ⎬ OF TALLADEGA COUNTY,
"STATE OF ALABAMA ⎦ ALABAMA    CASE #7868

VS.
"WILLIE LEE TYWMAN (sic, TWYMAN)
Defendant

"TO THE ABOVE NAMED DEFENDANT:

"This is to inform you of your rights as a defendant in this criminal case. Under the indictment returned against you in this case by the Grand Jury of Talladega County, Alabama, you are charged with the crime of Receiving or Concealing Stolen Goods which is a felony offense. In the event you plead guilty to said crime, or if the jury finds that you are guilty of said crime, the law provides for punishment by imprisonment in the penitentiary for not less than one nor more than 10 years for such offense.

"Under the constitutions of the United States and of the State of Alabama, you have a right or privilege not to be compelled to give evidence against yourself. In the trial of your case before the Jury, you have the right to take the witness stand and to testify on your own behalf, if you so desire, but no one can require you to so testify. If you testify, you can be cross-examined by the state. If you do not testify, no one can comment to the jury as to your failure to testify. You have the right to remain absolutely silent, but anything that you voluntarily say, *wtih* knowledge of your rights, may be used against you. Your conversations with your attorney are confidential and cannot, and will not, be disclosed by your attorney.

"You have the right to stand on your plea of not guilty and the right to a public trial before a duly selected jury. In a Jury trial the jury would determine whether you are guilty or whether you are innocent, based upon the evidence in the case.

"In the trial of your case your attorney could sub*j*oena witnesses on your behalf, make legal objections to matters that he felt were objectionable, cross-examine the witnesses of the state, examine your own witnesses, and argue the matter before the jury. He would be bound to do everything that he could honorably and reasonab*l*e do to see that you obtain a fair and impartial trial. You have the right to have witnesses subpoenaed to testify as to pertinent facts in your favor.

"In the trial of your case you will come into court clothed with a presumption that you are not guilty and this presumption of innocence will follow you throughout the course of the trial until the evidence produced (sic) by the state convinces each juror beyond a reasonable doubt of your guilt. The burden of proof is upon the State of Alabama to convince each and every juror from the evidence in the case that you are guilty beyond a reasonable doubt before the jury would be authorized to find you guilty. If the State does not meet such burden of proof, it will be the jury's duty to find you not guilty. You will have no burden of proof whatsoever in your trial.

"To the charges set forth in the indictment you have the right to enter a plea of guilty, not guilty, not guilty b*t* reason of insanity or any other special plea. You will enter a plea of guilty only if you are actually guilty of said crime and if you do not desire a jury trial. If you plead guilty

there will be no jury trial, as has been heretofore explained to you.

"Your attorney will go over these rights with you, but if you have any questions about any of them, please ask the undersigned Judge and he will be happy to make further explanation thereof to you.

"This the 1 day of June, 1973.

"/s/ William C. Sullivan
"Circuit Judge, Twenty-ninth
Judicial Circuit of Alabama.

"Comes now the defendant in the above styled cause and states to the court that he has read or has had read to him, the matters and things hereinabove set forth; that his attorney has thoroughly gone over said matters and things with him and that he, the defendant, thoroughly understands them; that he is not under the influence of any drugs, medicines or alcoholic beverages and has not been threatened or abused or offered any inducement or reward to get him to plead guilty. Defendant further states to the court that he is guilty as charged, in this case, and desires to plead guilty.

"This the 1st. day of June, 1973.

"/s/ Willie Lee Twyman
Defendant

"Comes the attorney for the above styled defendant and certifies that the above and foregoing rights were read by the defendant in my presence, or were read to him by me, that I discussed such rights with the defendant, in detail.

"This the 1st. day of June, 1973.

"/s/ Otis R. Burton, Jr.
Attorney for Defenant (sic)
"Filed in Office this 1 day of June, 1973.

"/s/ Sam Grice, Circuit Clerk"

The foregoing quotation from the instant record is referred to in the judgment as "Court's Exhibit A." The judgment recites as follows:

"MINUTE ENTRY IN THE CIRCUIT COURT

"STATE OF ALABAMA    Case #7868
     VS.
WILLIE LEE TWYMAN    Receiving and concealing
                     stolen goods

"On this the 1st. day of June 1973, comes the State of Alabama by its District Attorney and comes also the defendant in his own proper person and by his attorney, Otis R. Burton, Jr. and the defendant being arraigned in open court, for answer to the indictment pleads and says that he is guilty in manner and form as charged therein.

"Before accepting defendant's plea of guilt, the defendant being called before the court accopmanied by his counsel, and the defendant, his counsel and the court having then and there executed 'Court's Exhibit A' which said exhibit is hereby incorporated herein and made a part hereof as if fully set forth at length herein, and defendant now stating to the Court that he has read said exhibit or has had said exhibit read to him by his counsel and that his counsel has fully explained to him the contents of said exhibit and that he fully understands same and has no questions about same, the court finds that the defendant is represented by competent counsel and that defendant has a full understanding of his plea of guilt, and is intelligently and voluntarily entering his plea of guilt with a full understanding of the nature of the charge and the consequences of his plea.

"Before passing sentence on the defendant the court proceeds to ascertain by examination of subject convict, and other evidence, that said convict was a mechanic, in good health and of the male race, negro, and 20 years of age.

"On this the 21 day of June, 1973, it is the judgment of the court that the defendant is zuuilty of the offense of receiving or concealing stolen goods as charged in' the

indictment and the further judgment of the court that the defendant's punishment be fixed at imprisonment in the State penitentiary of the State of Alabama for a term of three years and no days; and defendant being in open court and asked and saying nothing why sentence should not be imposed, it is therefore Considered, Ordered and Adjudged by the court that the defendant be and defendant is hereby sentenced to the penitentiary of the State of Alabama for three years.

"Defendant's application for probation is hereby denied.

"Thereupon the Court in presence of counsel advised the Defendant that he had the right to appeal the judgment and decision of the court. That he also had the right to have a full and complete transcript of the proceedings leading up to his conviction and sentence. That counsel would be appointed to represent him and the transcript would be furnished him, both at no cost to the defendant in the event the Defendant was determined to be indigent. That an appeal could be taken with' or without suspension of sentence and in the event defendant desired sentence suspended pending appeal this was the proper time to request same. In the event defendant did not desire sentence suspended an appeal could be taken at any time within 6 months of this date.

"On the 21 day of June, 1973, the defendant together with his attorney appeared in open court and gives notice of appeal to the Court of Criminal Appeals of Alabama and request suspension of sentence pending the consideration of said appeal in this case; it is therefore Considered, Ordered and Adjudged by the Court that the judgment and sentence in this cause be, and the same is, hereby suspended pending the consideration of said appeal and the defendant maybe (sic) released on bond pending said appeal upon his entering into a good and sufficient appeal, condition as required by law, in the sum of $2,500.00, the same to be approved by Clerk of this Court. Defendant makes bond to Court of Criminal Appeals on June 22, 1973."

In *Walcott,* supra, the report of the decision of the Court of Criminal Appeals recites as follows:

"Randall Wayne Walcott, alias, on a plea of guilty was convicted of the offense of burglary in the second degree by the Circuit Court of Tuscaloosa County, Nicol, J., and he appealed.

"Remanded for compliance with Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (Without opinion), Price, P. J." (48 Ala.App. 754, 263 So. 2d 177.)

On petition for certiorari in *Walcott,* this court said:

"The petitioner (State of Alabama) contends since the trial court's judgment entry recited that the plea of guilty was free, voluntary and intelligently made, the requirements of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, are met. Therefore, the case should not have been remanded. This Court agrees with the rule of the Court of Criminal Appeals that the record must affirmatively show the colloquy between the court and the defendant wherein the defendant is shown to have full understanding of what the plea of guilty connotes and its consequences. See Cooper v. State, 47 Ala.App. 178, 252 So.2d 104, cert. denied, 287 Ala. 728, 252 So.2d 108. In denying the writ of certiorari in Cooper v. State, supra, this Court made an expression that this Court did not wish to be understood as approving or disapproving all of the language contained in the opinion of that case in the Court of Criminal Appeals. However, the questionable language to which such referred is not pertinent to the issue of whether the record must contain the colloquy between the court and the defendant.

"Writ denied." (288 Ala. 546, 547, 263 So.2d 178.)

The original record in *Walcott* discloses that the judgment of conviction and sentence recites as follows:

"January 4, 1971. This day comes Louis Lackyy, as District Attorney who prosecutes for the State, and comes also the defendant in his own proper person and by attorney. The defendant being duly arraigned in open Court upon the indictment herein charging him with Burglary, Second Degree, Grand Larceny and Receiving and Concealing Stolen Property for a plea thereto says he is not guilty. (Reading of indictment waived)

"Fred W. Nicol, Judge.

"March 4, 1971. This day comes Louis Lackey, as District Attorney who prosecutes for the State, and comes also the defendant in his own proper person and by attorney. The defendant having on January 4, 1971, been duly arraigned in open Court upon the indictment herein charging him with Burglary, Second Degree, Grand Larceny and Receiving and Concealing Stolen Property and having on that day plead not guilty now withdraws his plea of not guilty and pleads guilty to Burglary, Second Degree; said plea of guilty being free and voluntary and intelligently made. It is, therefore, considered by the Court and it is the order and judgment of the Court that the defendant, RANDALL WAYNE WALCOTT, alias RANDALL WALCOTT, alias RANDAL WALCOTT, alias RANDY WALCOTT, is guilty of Burglary, Second Degree as charged.

"And now on this the 4th day of March, 1971, the defendant being present in open Court and having been present in his own proper person during the entire time of the trial of this case being asked by the Court if he has anything to say why thed (sic) sentence of the law should not now be pronounced upon him says nothing. It is, therefore, considered by the Court and it is the order, judgment, and sentence of the Court that the defendant, RANDALL WAYNE WALCOTT, alias RANDALL WALCOTT, alias RANDALL WALCOTT, alias RANDY WALCOTT, be imprisoned in the State Penitentiary for a term of Eighteen (18) Months as punishment for this offense and that the State of Alabama for the use of Tuscaloosa County have and recover of the defendant the costs in this case for which let execution issue.

"Fred W. Nicol, Judge.

"TRANSCRIPT OF MINUTES

| "THE STATE OF ALABAMA TUSCALOOSA COUNTY | THE CIRCUIT COURT OF TUSCALOOSA COUNTY |

"No. 1440–B

| "THE STATE vs. RANDALL WAYNE WALCOTT, alias RANDALL WALCOTT, alias RANDAL WALCOTT, alias RANDY WALCOTT | INDICTMENT FOR Burglary In Second Degree, Grand Larceny and R. & C.S.P. |

"This the 4th day of March, 1971, came Louis Lackey, as District Attorney, who prosecutes for the State of Alabama, and also the defendant in his own proper person and by his attorney, and the said defendant being duly arraigned upon said indictment, for a plea thereto, says that (he) is/is not guilty of Burglary In Second Degree as charged in the _____ indictment. Defendant then by the Court adjudged guilty accordingly of Burglary In Second Degree as charged in the indictment and the defendant's punishment is fixed at imprisonment for Eighteen (18) Months. Defendant is sentenced to imprisonment in the penitentiary of Alabama for Eighteen (18) Months.

"And on this the 4th day of March, 1971, the said defendant being now in open Court and being asked by the Court if he had anything to say why the judgment of the Court and the sentence of the law should not now be pronounced upon him says nothing. It is therefore considered by the Court and it is the judgment of the Court that the defendant is guilty as charged in the _____ indictment and it is the sentence of the law that the said defendant, the said RANDALL WAYNE WALCOTT, alias RANDALL WALCOTT, alias RANDAL WALCOTT, alias RANDY WALCOTT be imprisoned in the PENITENTIARY of the State of Alabama for a term of Eighteen (18) Months.

"March 4, 1971. Defendant sentenced in this case on this date."

Nothing further appears in the record in *Walcott* to show affirmatively that defendant's plea of guilty was understandingly made. It is apparent that the record in *Walcott* does not affirmatively show that defendant's plea of guilty was understandingly entered in compliance with *Boykin.*

In Cooper v. State, 47 Ala.App. 178, 252 So.2d 104; 287 Ala. 728, 252 So.2d 108; the Court of Criminal Appeals reversed a judgment based on a plea of guilty because " . . . That which was done in this case falls short of the Boykin standards." 47 Ala.App. 182, 252 So.2d 108. The Supreme Court denied certiorari.

In *Cooper,* the record does contain a verbatim transcript of the conversation between court, counsel, and defendant. The entire conversation is substantially quoted in the opinion in 47 Ala.App. 178, 252 So. 2d 104. Examination of the opinion, however, shows that defendant, before pleading guilty, was not advised of his rights as required by *Boykin.* The record does not contain any statement such as "Court's Exhibit A" in the instant case.

The Court of Criminal Appeals appears to hold that, on appeal from a judgment based on a plea of guilty, the record must contain a transcript of the conversation between the trial court and defendant explaining defendant's rights and the consequences of a plea of guilty. The Court of Criminal Appeals holds that the judgment entry in the instant case and "Court's Exhibit A" are, under *Boykin,* insufficient to show affirmatively that defendant's plea of guilty was voluntarily and understandingly made.

In *Boykin* Mr. Justice Douglas, writing for the majority, closed his opinion as follows:

"Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth. Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653. Second, is the right to trial by jury. Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491. Third, is the right to confront one's accusers. Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923. We cannot presume a waiver of these three important federal rights from a silent record.

"What is at stake for an accused facing death or imprisonment demands the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence. When the judge discharges that function, he leaves a record adequate for any review that may be later sought (Garner v. Louisiana, 368 U.S. 157, 173, 82 S.Ct. 248, 256, 7 L. Ed.2d 207; Specht v. Patterson, 386 U.S. 605, 610, 87 S.Ct. 1209, 1212, 18 L.Ed.2d 326), and forestalls the spin-off of collateral proceedings that seek to probe murky memories.

"The three dissenting justices in the Alabama Supreme Court stated the law accurately when they concluded that there was reversible error 'because the record does not disclose that the defendant voluntarily and understandingly entered his pleas of guilty.' 281 Ala., at 663, 207 So.2d, at 415.

"Reversed."

(395 U.S. at 243, 244, 89 S.Ct. at 1712.

In the instant case the record affirmatively shows that defendant voluntarily and understandingly entered his plea of guilty. The record affirmatively shows that defendant was informed in detail of his rights which are described in *Boykin.* Defendant states and his attorney certifies that defendant was informed that:

if he pled guilty, or the jury found him guilty, the law provides for punishment by

imprisonment in the penitentiary for not less than one nor more than ten years;

under the constitution he has a right not to be compelled to give evidence against himself; that he could testify in his own behalf if he so desired, but no one can require him to so testify;

he has a right to stand on his plea of not guilty and a right to a public trial before a jury, and the jury would determine whether he was guilty or innocent, based upon the evidence in the case;

that his attorney could subpoena witnesses in his behalf, could make objections to objectionable matters, could cross-examine the witnesses of the state, and would be bound to do all that he could honorably and reasonably do to see that defendant obtained a fair and impartial trial;

defendant came into court with a presumption that he is not guilty and the presumption will follow him until the evidence produced by the state convinces each juror beyond a reasonable doubt of his guilt; if the states fails to meet such burden of proof, it will be the jury's duty to find defendant not guilty, and defendant will have no burden of proof whatsoever at the trial;

defendant has a right to plead guilty, not guilty, not guilty by reason of insanity, or any other special plea; and that he will enter a plea of guilty only if he is actually guilty and does not desire a jury trial;

and if he pleads guilty there will be no jury trial.

In *Honeycutt,* the Court of Criminal Appeals said:

"It is well settled that the recitals in the judgment import absolute verity, *unless contradicted by other portions of the record.* Ex parte Tanner, 219 Ala. 7, 121 So. 423; Burton v. State, 40 Ala. App. 146, 109 So.2d 311; Haun v. State, 44 Ala.App. 585, 217 So.2d 249." (47 Ala.App. at 641, 259 So.2d at 847)

In the instant record there is nothing to contradict the judgment.

The trial judge, the defendant, and defendant's attorney all attest over their respective signatures that the matters and things stated in "Court's Exhibit A" were read by defendant or read to defendant. Defendant acknowledges that this was done and that he understands those matters and things.

In *Boykin, Honeycutt,* and *Walcott,* there was no affirmative showing that defendant understandingly entered his plea of guilty. Here the record does affirmatively show that *Boykin* has been complied with. In *Boykin,* the court said the affirmative showing must be made, but the court did not say that the showing must be made by the transcript and certificate of the court reporter. There is no rule of law that requires or even suggests that it must be presumed that the trial judge, the defendant, defendant's attorney, or the judgment entry do not speak the truth. The judgment is not contradicted by the instant record. The presumption that the judgment speaks the truth must prevail under the rule quoted above from *Honeycutt.*

Since the instant record does affirmatively show that defendant was fully informed of his rights as required by *Boykin,* the judgment of the Court of Criminal Appeals is due to be and is reversed, and the cause is remanded to that court for further proceedings in accord with this opinion.

Reversed and remanded.

MERRILL, HARWOOD, BLOODWORTH, McCALL and JONES, JJ., concur.

HEFLIN, C. J., and FAULKNER, J., dissent.

HEFLIN, Chief Justice (dissenting):

I am of the opinion that written instruments can be used in connection with the

requirements of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274. There is a danger that the use of such can become so commonplace and perfunctory that they fail to serve the purpose for which they are intended. Steps should be taken to guard against such use. I am of the opinion that when written instruments are used it is incumbent upon the trial court to ascertain that the defendant has read said instruments, or has had said instruments read to him, and that he fully understands that he has executed such a document. I think it is further incumbent upon the judge to ascertain whether or not the defendant can read or write. In my opinion, the colloquy to ascertain all of this should appear in the record of the case in order that an appellate court can be convinced that there was not just a perfunctory use of written documents.

If this type of colloquy had appeared in the court reporter's transcript of the record, I would have concurred with the majority opinion.