301 So.2d 212

Robert L. SULLIVAN

v.

STATE.

.I Div. 479.

Court of Criminal Appeals of Alabama.

Oct. 1, 1974.

———◆———

David L. Barnett, Mobile, for appellant.

William J. Baxley, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

JERRY M. WHITE, Circuit Judge.[1]

The Appellant, Robert L. Sullivan, was convicted on a plea of guilty in the Circuit Court of Mobile County on October 2, 1973, of possession of heroin and sentenced to a period of six years in the penitentiary. The trial judge in his colloquy with the Appellant, before accepting the Appellant's plea of guilty, advised Appellant of all his constitutional rights as required by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, with exception of his right against self-incrimination, and also ascertained that the plea was being offered voluntarily. The Appellant and his Attorney both signed and filed with the Court prior to the plea an instrument entitled Request To Enter Guilty Plea in which the Appellant certified, among other things, the following:

> " 'I further understand, and my lawyer has explained to me, that if I enter a plea of not guilty to the charges I have the following constitutional rights: * * * (c) The right to have witnesses subpoenaed to give evidence in my favor *and to testify myself or remain silent at my own choosing.'* (Emphasis added.)

> "At the end of this instrument, above the signature of the Appellant, is a statement to the effect that he had read the entire statement and understood it. There is further a certificate at the end of this instrument signed by the Attorney for Appellant certifying that he assisted his client in the completion of the intrument and satisfied himself that the plea being offered by Appellant was in Appellant's best interest and that he had recommended to his client that he enter a plea of guilty based on his professional judgment."

The colloquy between the trial court and the Appellant also contains the following:

> "THE COURT: * * * I have before me a two page document entitled a Request to Plead Guilty and it appears to be signed by you. Did you sign this?

> DEFENDANT: Yes, sir, I did.

1. July 29, 1974, pursuant to § 6.10 of the Judicial Article, Amendment No. 328 of the Constitution, the Chief Justice assigned to this Court Honorable JERRY M. WHITE, Judge of the 20th Judicial Circuit, for temporary service.

THE COURT: Did you read it?

DEFENDANT: Yes, I did.

THE COURT: What is your educational background?

DEFENDANT: I am a high school graduate.

THE COURT: Did you read it or did Mr. Barnett read it to you?

DEFENDANT: I read it myself.

THE COURT: Did he explain the various paragraphs to you?

DEFENDANT: Yes, he did.

THE COURT: There are twelve paragraphs and paragraph numbers seven has subsections a, b, c, d and e. Did he go over each paragraph with you to make sure you understood it?

DEFENDANT: Yes, he did."

The Appellant now charges that (1) the trial court committed reversible error in that it did not advise the Appellant of his right against self-incrimination prior to accepting his plea of guilty (2) and that the trial court's failure to advise the Appellant of his right against self-incrimination was particularly prejudicial in this case in that just before the acceptance of the plea the Appellant had testified on a motion to suppress evidence and might believe that having done this he could not refuse to take the stand on a trial of his case.

The record in this case, without a doubt, shows that Appellant was informed in great detail of his constitutional rights under *Boykin,* and that he understandingly, intelligently, and voluntarily entered his plea of guilty. It is true that the trial court in its colloquy with Appellant advised him of all his *Boykin* rights with exception of his right against self-incrimination. However, this colloquy further reveals that the Appellant told the trial court, prior to his plea, that he (Appellant) had read and signed the request to enter guilty plea; that he had a high school education; that his Attorney had explained all parts of the request to enter guilty plea to him; and that he understood the contents of the instrument in question. This instrument contained a clear, simple and concise statement of the constitutional right against self-incrimination.

The Supreme Court of Alabama has recently held in Ex Parte State of Alabama (In re Twyman v. State) 293 Ala. 75, 300 So.2d 124, that although the requirements of *Boykin* must affirmatively be shown in the record it is not absolutely necessary that this showing be made by the transcript and certificate of the court reporter. In the instant case, when the transcript of the court reporter and the instrument signed and filed by the Appellant are considered together it is eminently clear that the Appellant understandingly entered his plea of guilty and that the trial court complied with *Boykin*.

This conviction is, therefore, due to be

Affirmed.

All the Judges concur.