326 So.2d 157

**Tommy MOORE**

**v.**

**STATE.**

**6 Div. 44.**

Court of Criminal Appeals of Alabama.

Dec. 16, 1975.

Rehearing Denied Jan. 20, 1976.

W. Wheeler Smith, Birmingham, for appellant.

William J. Baxley, Atty. Gen., Montgomery, and Quentin Q. Brown, Jr., Asst. Atty. Gen., Birmingham, for the State.

BOOKOUT, Judge.

Second degree burglary and grand larceny; guilty plea to both; sentence: three years imprisonment on each to run concurrently.

Appellant, on entering a plea of guilty to the above two felony charges, executed a form entitled "COURT'S EXHIBIT A," commonly referred to as an *Ireland* form. (*Ireland v. State*, 47 Ala.App. 65, 250 So. 2d 602). That form informed appellant of his constitutional rights as mandated in *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The form was signed by the appellant, his attorney and the circuit judge on March 4, 1975.

On the same date, the following colloquy took place:

"THE COURT: You are Tommy Moore?

"THE DEFENDANT: Yes, sir.

"THE COURT: You are charged in Case 31309 with Grand Larceny, and in case 31223 with the crime of Burglary. Both offences (sic) carry one to ten year sentence. (sic)

"I understand you wish to enter a plea of guilty. Is that correct?

"THE DEFENDANT: Yes, sir.

"THE COURT: Has your attorney explained to you that you have a right to a jury trial if you'd rather have one?

"THE DEFENDANT: Yes, sir.

"THE COURT: You waive that right?

"THE DEFENDANT: Yes, sir.

"THE COURT: You wish to enter a plea of guilty?

"THE DEFENDANT: Yes, sir.

"THE COURT: I'm preparing for you, or my Bailiff is preparing for you what we call Court Exhibit 'A', which explains certain rights to you. Has your attorney discussed that with you?

"THE DEFENDANT: Yes, sir.

"THE COURT: Both of these offences (sic) the maximum sentence is ten years, the minimum is one year.

"ATTORNEY: Judge, Mr. Reynolds recommends three years in each case.

"THE COURT: I find you guilty of Grand Larceny in case number 31309, refer your case to the Probation Department for investigation. I will sentence you whenever I receive their report. Case number 31223, charged with Burglary, refer your case to the Probation Department for investigation. I will sentence you when I receive their report."

In separate minute entries on each case, there is a showing of a guilty plea entered, a finding of guilty thereon by the court, and a sentence of three years, to run concurrently. Appellant was given credit on his sentences for any time spent in the county jail awaiting trial, unless he was serving time for another offense.

Appellant contends the record does not affirmatively reflect that the guilty pleas were intelligently and voluntarily given. We disagree.

■ *Boykin*, supra, requires that the record affirmatively show that the appellant was informed of the rights therein enumerated. The trial judge must ascertain that the appellant does understand those rights, and voluntarily enters his guilty plea.

■ A full and complete colloquy between the court and the appellant, and transcribed by the court reporter, is preferable. *Cooper v. State*, 53 Ala.App. 36, 297 So.2d 169 (1973). But other methods of memorializing a proper guilty plea are

available. Our Supreme Court has held a guilty plea sufficient where an *Ireland* form is recited in the record, signed by the defendant, his attorney and the trial judge, where the judgment entry recites that a colloquy took place wherein the trial judge ascertained from the defendant that he had read the form, had it explained to him, understood his rights and the consequences of a guilty plea. *Twyman v. State,* 293 Ala. 75, 300 So.2d 124 (1974).

In the instant case, we find a form almost identical to that approved in *Twyman,* however, the judgment entries here do not recite that a colloquy was held, as was recited in the judgment entry in *Twyman.* However, we find the brief colloquy, hereinabove set out, as recorded by the court reporter. That colloquy, while exceptionally brief, nevertheless shows that the appellant personally requested to plead guilty, that he wished to waive a jury trial, that he knew the range of punishment and that his attorney had discussed the *Ireland* form with him. Nothing in the record refutes those facts. We, therefore, consider such facts to have met the bare minimum standards to sustain the guilty plea as having been intelligently and voluntarily entered by the appellant.

Affirmed.

All the Judges concur.