329 So.2d 108
**Jack Ray JONES**

v.

**STATE.**

**8 Div. 775.**

Court of Criminal Appeals of Alabama.

March 16, 1976.

James Francis, Decatur, for appellant.

William J. Baxley, Atty. Gen., and Jane LeCroy Robbins, Asst. Atty. Gen., for the State.

CATES, Presiding Judge.

This is an appeal[1] from a plea of guilty after indictment. The indictment had three counts, i. e., the Three Sisters—second degree burglary, grand larceny and buying, receiving, etc., stolen property. The defendant pled guilty to the latter two and not guilty to the burglary charge.

I

■ There was filed below both an Ireland form and in-court colloquy conducted by Hon. Newton B. Powell. The transcript reflects also a statement by the District Attorney that the State moved to nol pros the burglary count. The court accepted the *nol pros;* the record shows:

> "You stand charged now in these indictments [see *Jones (v. State)*, 8 Div 776 (57 Ala.App. 739, 329 So.2d 111)] with the burglary counts being stricken * * * ."

This is sufficient to support a minute entry under Code 1940, T. 15, § 257. However, this formality does not appear in the record before us.

Instead the judgment entry recites a "solemn plea of guilty to the offense of Burglary [without specifying the degree], Grand Larceny and Buying, etc."

The adjudication recites "guilty as charged in the indictment."

The record—both transcript of the colloquy and the *Ireland* form—violently negate any conviction of burglary in the second degree.

> "We think when the State entered a nolle prosequi of the first count in the indictment, the effect was to destroy entirely that count * * * ." *Walker v. State*, 61 Ala. 30.

■ Ordinarily a judgment entry is said to import absolute verity. Courts of record speak only through their recorded minutes, at least as far as showing substantially all that was done at the trial, which the law requires to be done. *Crist v. State*, 21 Ala. 137; *Naro v. State*, 212 Ala. 5, 101 So. 666; and *Evans v. State*, 215 Ala. 61, 109 So. 357. Conversely, the silence of the minutes admits of but one conclusion, that if the clerk omits mandated matters from the record then they were not done. *Walker v. Commonwealth*, 144 Va. 648, 131 S.E. 230(6); *State v. Underwood*, 130 W.Va. 166, 43 S.E.2d 61. ("What is not disclosed by the records of courts of record does not legally exist.").

In *McDonald v. Crawford*, 28 Ala.App. 163, 180 So. 130, our erstwhile Court of Appeals said:

> "It is a rule, and the only safe one, says Stone, Judge, that in judicial proceedings nothing is to be left to unrecorded memory. The record must speak by and for itself, without the aid of oral

---

1. See Borman, Right to Appeal Plea Bargain Convictions, 69 N.W.L.R. 663.

proof or human recollection. First Brickell's Digest, 78, 79. The record must be so complete that a succeeding officer, coming into the place of the one before which the business was transacted, cannot reasonably mistake what was done. The rule as stated by the Supreme Court in *Looney v. Bush*, Minor 413, is: 'So to describe the paper by its date, amount, parties, or other identifying features, as to leave no room for mistakes in the transcribing officer.' The above has consistently been the rule in this state since that time."

■ However, under *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L. Ed.2d 274, pleas of guilty must be affirmatively established of record as knowingly, intelligently and voluntarily made in open court. Thus, Price, P. J., wrote:

"It is well settled that the recitals in the judgment import absolute verity, *unless contradicted by other portions of the record. Ex parte Tanner*, 219 Ala. 7, 121 So. 423; *Burton v. State*, 40 Ala. App. 146, 109 So.2d 311; *Haun v. State*, 44 Ala.App. 585, 217 So.2d 249.

"In *Neal v. State*, 257 Ala. 496, 59 So.2d 797, it was held that the recitals in the judgment would not have controlling effect over facts indicated by the record.

"In the instant case the judgment is contradicted in several instances by the court reporter's certified transcript which is by statute made a part of the record. Title 7, §§ 827(1), 827(1b), Code of Alabama, 1940." *Honeycutt v. State*, 47 Ala.App. 640, 259 So.2d 846.

In *Twyman v. State*, 293 Ala. 75, 300 So.2d 124, the majority opinion clearly recognizes the validity of the Honeycutt holding while finding that in *Twyman's* record, "there [was] nothing to contradict the judgment." Accordingly, we treat *Honeycutt*, supra, as having been approved by the Supreme Court of Alabama. Hence, the judgment entry is wrong as to second degree burglary.

## II

■ What should this court do? In *Honeycutt*, supra, the whole structure was fallibly premised. Here, however, only a severable part is flawed.

Our basic statutory command is found in Code 1940, T. 15, § 389. Among other things we are charged that we, after considering all questions apparent on the *record*, "must *render* such judgment as the law demands." Italics added.

If this were a question residing in what evidence *might* come forth on a new trial then proper disposition is reversal and remandment, *Hendricks v. State*, 252 Ala. 305, 41 So.2d 423. Here, however, the only foundation for the judgment is a plea or, more properly, two pleas of guilty to grand larceny and receiving. There is no foundation for a judgment of conviction for second degree burglary.

Under § 389, supra, as applied in *Robison v. State*, 240 Ala. 638, 200 So. 629, the ends of justice require us to render a judgment of discharge on Count I of the indictment based on the nol pros in the face of the plea of not guilty thereto. The circuit clerk will correct the minute entry accordingly.

The judgment of conviction on Counts II and III is affirmed.

AFFIRMED IN PART; REVERSED AND RENDERED IN PART.

All the Judges concur.