BOWEN, Judge.
The defendant pled guilty to an indictment charging rape in the second degree and was sentenced to eight years’ imprisonment.
The trial judge informed the defendant of his constitutional rights under Boykin v. Alabama, 395 U.S. 238, 242, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274 (1969): (1) his privilege against compulsory self-incrimination; (2) the right to trial by jury; and (3) the right to confront his accusers. Boykin, 89 S.Ct. at 1712. The judge informed the defendant of the maximum and minimum range of punishment and ascertained that the plea was not coerced. The judge also had the defendant state the factual basis for the crime and admit that he had had sexual relations with his fifteen year old stepdaughter since she was “about thirteen.”
The record contains no “Ireland” form, Ireland v. State, 47 Ala.App. 65, 250 So.2d 602 (1971); however, in the judgment record the Circuit Judge states:
*137 “Before accepting the defendant’s plea of guilt, the court proceeded to ascertain. that the plea of guilty was intelligently and voluntarily made and also that the defendant understood (1) the privilege against self-incrimination; (2) the right to a trial by jury; (3) the right to be confronted by his accusers; (4) that he fully understood what the plea connoted, including the nature of the charge and acts sufficient to constitute the offense; and (5) the consequences of the plea, including the range of the sentence; and being satisfied that the foregoing was fully and intelligently understood by the defendant and that his plea of guilty was freely and voluntarily made, the court proceeded with the hearing.”
The record shows that the defendant was represented by counsel at arraignment and when pleading guilty and when he was sentenced.
In a pro se “motion to appeal”, the facts of which are not sworn to be true or verified, the defendant alleges that he could not afford counsel; that the court appointed an attorney to represent him only at the time of his pleading guilty; and that his appointed attorney “did not know the facts surrounding the charge.!’ Defendant’s counsel on appeal alleges that “appellant was not represented by counsel at anytime up until the entry of his plea of guilty” and that appointed counsel only stood in for the “formalities”. These allegations are not supported by the record which contains nothing which would dispute the finding of the circuit judge that the guilty plea was knowingly and intelligently made.
Even if the defendant’s plea of guilty was accepted on the same day that counsel was appointed for him, that fact alone does not establish a denial of due process. Haun v. State, 44 Ala.App. 585, 217 So.2d 249, cert. denied, 283 Ala. 715, 217 So.2d 251 (1968). See also Hale v. State, 346 So.2d 489 (Ala.Cr.App.), cert. denied, 346 So.2d 492 (Ala.1977) (Defendant furnished effective assistance of counsel despite fact that attorney only talked to defendant for ten minutes before defendant pled guilty.)
Since there is absolutely nothing in the record to support the defendant’s allegations of lack of counsel or ineffective counsel and it appears (1) that he was represented by counsel and (2) that he was informed of his constitutional rights by the trial judge, the judgment of the Circuit Court is affirmed.
AFFIRMED.
All Judges concur.