HARRIS, Presiding Judge.
In October of 1980, the Grand Jury of Mobile County returned a three-count indictment against William W. Loper, the appellant. The first count of the indictment charged Loper with unlawfully possessing diazepam, a controlled substance; the *1136 second count with unlawfully possessing chlordiazepoxide, a controlled substance; and the third count with unlawfully possessing marijuana, a controlled substance.
The December 1980 session of the Mobile County Grand Jury returned two further indictments against the appellant. The first indictment was for the sale of marijuana and the second indictment was for possession of marijuana.
Appellant was arraigned on the October indictment on October 30, 1980, where he waived a reading of the indictment and entered a plea of not guilty.
On March 27, 1981, appellant was arraigned on the two December 1980 indictments, where he waived the reading of both indictments and entered a plea of not guilty to both.
On March 25, 1982, appellant withdrew his not guilty pleas as to all three indictments and entered a plea of guilty to one count (possession of diazepam) of the October 1980 indictment and he entered pleas of guilty to the two December 1980 indictments. Appellant executed a Motion to Enter Guilty Plea form (hereinafter called Ireland form) in the three cases now under consideration which contained an explanation of all the required rights mandated by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
On his pleas of guilty, appellant was adjudged guilty and was sentenced on June 21, 1982, to fifteen years on each of the three convictions. The sentences were to run concurrently.
The issue presented for review is whether the trial court made sufficient inquiry to determine if appellant had his Boykin rights explained to him by his lawyers and that he understood his rights. Boykin v, Alabama, supra.
In a plea of guilty proceeding the judge should undertake a factual inquiry to determine if the plea is voluntarily made with an understanding of the nature of the charge and the consequences of the plea, and the judge should be satisfied that there is a factual basis for the plea. Dingler v. State, Ala.Cr.App., 408 So.2d 527 (1980). In Twyman v. State, 293 Ala. 75, 300 So.2d 124 (1974), the Alabama Supreme Court held a guilty plea to be intelligently and voluntarily entered where the same type form as executed herein (the Ireland form) is executed and signed by a defendant and acknowledged by the signatures of the defense counsel and circuit judge, provided there is other evidence in the record supporting that fact.
The colloquy contained in the transcript of proceedings discloses that the trial court determined to its satisfaction that appellant’s attorneys had explained all of appellant’s rights to him and that appellant understood them even though in its inquiry to appellant the trial court touched on only some of the rights listed on the Ireland form. The colloquy between the court and defendant, as shown by the record or transcript of the proceedings before the court permitting a withdrawal of the pleas of not guilty and accepting the pleas of guilty, was as follows:
“THE COURT: Okay. Now, you understand — First of all, I want to know if your lawyers in your opinion devoted sufficient time to your case to be in a position to represent you properly. Are you satisfied with their representation?
“THE DEFENDANT: Yes, sir.
“THE COURT: Have they explained your constitutional rights to you?
“THE DEFENDANT: Yes, sir.
“THE COURT: Have they explained to you that you are presumed to be innocent? That you don’t have to plead guilty. If you do not plead guilty, before you could be convicted of any one of these offenses you would be entitled to have a jury of twelve people brought in here selected according to law, put in that jury box, listen to witnesses testify against you with those witnesses being subjected to cross-examination by your attorney. Listen to witnesses testify in your behalf, if you have any. And, if you have witnesses that you have problems getting to come to court, state will furnish you process to bring them to court. *1137 After hearing the testimony for you and against you, the arguments of your attorney and the State’s attorney, the instructions of the Judge, that jury will have to go out and all twelve of them would have to agree unanimously that you were guilty beyond a reasonable doubt. Did they explain that to you?
“THE DEPENDANT: Yes, sir.
“THE COURT: That if a jury did find you guilty, you would then have the right to a sentence hearing. At that sentence hearing you would have the right for your lawyers to argue mitigation of the offense that you had been convicted of. Of course, the State’s attorney at the same time would be arguing that you ought to get the stiffest sentence possible under the law. And, that if you were not satisfied with the sentence that the Judge imposed on you, you would have the right to appeal. On appeal you would have the right to attack first of all the formation of the Grand Jury that indicted you. Second, you would have the right to attack the formation of the petit jury, trial jury, that tried you. Third, you would have the right to attack the whole record — any mistake of law that had been made by the Judge during the course of the entire proceeding. You would have the right to assign that as error and if the appellate courts found any error in the record, they would reverse the case and send it back. If you plead guilty, you give up that right, do you understand that?
“THE DEFENDANT: Yes, sir.
“THE COURT: Did they explain to you that you are charged here today and you said you wanted to plead guilty to three different offenses: First, Sale of Marijuana. Second, Possession of Marijuana. And, third Possession of a Contraband Substance, particularly, I believe it is Diazepam. Each one of those is a felony and each one of them, I believe, carries a minimum sentence of what, two years?
“MR. HARRISON: Two years and fifteen is maximum.
“THE COURT: And, up to fifteen years, isn’t it?
“MR. HARRISON: Yes, sir.
“THE COURT: You understand that? (No audible response.)
“THE COURT: Did anybody connected with this Court threaten you to get you to plead guilty? Did they tell you, now if you don’t plead guilty and the jury finds you guilty, that old Judge is going to throw the book at you?
“THE DEFENDANT: No, sir.
“THE COURT: Did anybody promise you leniency to get you to plead guilty?
“THE DEFENDANT: No, sir.
“THE COURT: You do understand that your lawyers engaged in plea bargaining with District Attorney. They worked out an agreement that they are going to submit to the Court.
“THE DEFENDANT: Yes, sir.”
The record clearly shows appellant’s pleas of guilty were knowingly, voluntarily, intelligently and understandingly entered. There was a sufficient factual basis for the trial court to decide the pleas were validly entered as evidenced by the court’s determination that the attorneys had explained the rights in the Ireland form and that appellant understood the constitutional rights he was waiving by pleading guilty.
Appellant further contends that the trial court erred by not explaining the elements of each crime before accepting the guilty plea. The rule of law is that a plea of guilty when accepted and entered by the court is a conviction of the highest order, and is an admission, of record, of the truth of whatever is sufficiently charged in the indictment. The question is: Will the charging instrument, as drawn, support a conviction and sentence, conceding that the defendant admitted the commission of the act charged? Ex parte Sankey, 364 So.2d 362 (Ala.1978).
The October, 1980, indictment charged that the accused “... did unlawfully possess diazepam, a controlled substance . . . did unlawfully possess chlordiazepoxide, a controlled substance ... and did unlawfully possess marijuana, a controlled substance *1138 ...” The December, 1980, indictments charged that the accused “.. . did unlawfully possess marijuana, a controlled substance ... and did unlawfully sell, furnish or give away marijuana, a controlled substance ...” Code of Alabama 1975, § 20-2-70, provides:
“Except as authorized by this chapter, any person who possesses, sells, furnishes, gives away, obtains or attempts to obtain by fraud, deceit, misrepresentation or subterfuge or by the forgery or alteration of a prescription or written order or by the concealment of material fact or by use of false name or giving a false address controlled substances enumerated in schedules I, II, III, IV and V is guilty of a felony and, upon conviction, for the first offense may be imprisoned for not less than two nor more than 15 years and, in addition, may be fined not more than $25,000.00.”
We conclude that the complaint supports a conviction and sentence for possessing the above-named controlled substance, and for the selling of marijuana, because the accused, by his pleas of guilty, admitted that he did possess controlled substances and sold marijuana.
We have carefully searched the record for errors injuriously affecting the substantial rights of the appellant and have found none. The judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur.