TYSON, Judge.
Wilbur Eugene Lavender was charged in the Mobile Municipal Court, via Alabama Uniform Traffic Ticket and Complaint [“U.T.T.C.”], with the following:
“[The appellant] [d]id drive or be in actual physical control of a vehicle while there was .10% or more by weight of alcohol in his blood, BAC .26.” (C.R. 2)
The appellant was convicted in the municipal court and ordered to pay a fine of $250.00 plus court costs. He received a six months’ suspended sentence of imprisonment in the city jail.
The appellant then appealed to the circuit court for a trial de novo. In the circuit court he waived trial by jury and stipulated that the city could make a case. (C.R. 18, T. 2-6) He was again convicted “as charged in the original complaint.” (C.R. 18). The appellant was sentenced to six months’ imprisonment and assessed a fine of $250. The sentence of jail time was suspended. (C.R. 18)
I
On appeal to this court the appellant raised two issues. His first contention is that his motion to dismiss the City’s complaint (filed in circuit court) (C.R. 1, 13, 17) should have been granted by the trial judge because it charged him with a “completely different offense from that offense which was charged against [him] by affidavit in the originating court.” (Brief of appellant p. 6).
Secondly, he contends: “It is error for a trial judge to instruct a petit jury as follows: ‘If there were at the time 0.10 per cent or more by weight of alcohol in the person’s blood, it should be presumed that the person was under the influence of alcohol.’ ” (Brief of appellant p. 7). Both contentions are without merit.
The minute entry in this cause reveals the following:
“WAIVED TRIAL BY JURY — WAIVED ARRAIGNMENT PLEAD NOT GUILTY — ADJUDGED GUILTY— SENTENCE — ORAL NOTICE OF APPEAL-ORDER FIXING AMOUNT OF APPEAL BOND”
DATE THURSDAY, NOVEMBER 6th, 1986
CC86 2330
CITY OF MOBILE
Kendall -vs- (White Male — Age) TR86-16936 B.D. 9-28-33
D.U.I.
Defendant waived trial by jury and defendant’s attorney stipulated that City could make a case, waived arraignment and plead not guilty — Defendant tried by Court without the intervention of a jury — Found Guilty — Adjudged guilty— Fined $250.00 and costs — 6 months in City Jail — Suspended—Defendant allowed until 2-6-87 to pay fine and costs —Oral Notice of Appeal Sentence suspended pending appeal — Appeal bond fixed at $100.00 — Defendant’s attorney, Donald Brutkiewicz, in court, Defendant to Attend Safety Program.
“This day in open court came the City of Mobile by its Attorney and the defendant in his own proper person and with his attorney, Donald Brutkiewicz, and the defendant having waived trial by jury and agreed to go to trial on the original affidavit and, the defendant’s attorney having stipulated that the City could make a case, the defendant waived arraignment on said original affidavit and plead not guilty, and the trial of this case having been regularly set for this day, this case is tried by the Court without the intervention of a jury, and the Court, after hearing the evidence in this case renders judgment finding the defendant guilty.
*1341 “Thereupon in open court on this day the defendant being asked by the court if he had anything to say why the judgment and sentence of the law should not be passed upon him, replied, ‘he had not’; It is therefore considered and adjudged by the court that the defendant is guilty of the offense ofD. U.I. as charged in the original complaint arid that the City of Mobile have and recover of the defendant a fine of Two hundred Fifty and 00/100 ($250.00) Dollars, and the costs of this prosecution.
“And it is further ordered and adjudged by the court that the defendant be sentenced to imprisonment in the City of Mobile Jail for the term of Six (6) months as additional punishment.
“And it is further ordered and adjudged by the court that the execution of the additional sentence be and the same is hereby suspended pending the good behavior of the defendant for a period of One (1) year and at the expiration of said One (1) year period said suspension is hereby made permanent.
“And it is further ordered and adjudged by the court that the defendant be allowed until February 6th, 1987 to pay said fine and costs.
“And it is further ordered and adjuged by the court that the suspension of sentence is further conditioned on defendant completing Alabama Safety Education Program.
“And thereupon in open court at the time of sentence, the defendant gave oral notice of appeal, and moved the court to suspend the execution of the sentence pending appeal, and to fix the amount of an Appeal Bond.
“It is therefore ordered and adjudged by the court that the execution of the sentence in this case be and the same is hereby suspended pending appeal, and that the amount of the Appeal Bond be and the same is hereby fixed at $100.00.
“Thereupon in open court on this day, defendant’s attorney, Donald Brutkiew-icz, was in court.” (C.R. 18) (emphasis added).
The appellant’s stipulation, which constitutes the entire transcript of proceedings included in the clerk’s record, reads as follows:
[[Image here]]
“THE COURT: There were three motions to dismiss which were filed. All of which were denied.
“MR. BRUTKIEWICZ: All right. And the demurrer that was filed, Your Honor, ruled on the demurrer that was filed on September the 30th?
“THE COURT: Well, they were all filed on September the 30th; they were all overruled on that day.
“MR. BRUTKIEWICZ: The demurrer was overruled. All right. It is stipulated that in the event that the City of Mobile and the defendant, William (sic) Lavender would go to trial before a jury on this the 6th day of November, 1986, before the Honorable Robert Kendall, judge of the Circuit Court, that the City would introduce evidence from a police officer that he observed William (sic) Lavender driving on a public road in Mobile, Alabama, to wit: Airport Boulevard, and that at such time William (sic) Lavender was driving in such a manner that he had reason to believe that the person who was operating and driving that vehicle at that time and place, when observed by the police officer, was under the influence of intoxicants. The police officer stopped this individual, the defendant, William (sic) Lavender, and will testify in court in his judgment the defendant was under the influence of intoxicants. It is also stipulated that an officer with the Mobile Police Department would introduce a PEI test, and the PEI test would indicate that the individual, William (sic) Lavender, had point two-six percentage of alcohol per weight in his bloodstream at the time that he was given the test. The introduction of the results of the test would be over the objection of the defendant, who would at that time object to the introduction of the test on the basis that there is only one count in the indictment, and the count in the indictment would be Section 32-5A-191, subsection 2. The defendant would state *1342 to the Court that there are five different subsections in subsection 32-5A-191, and that number 1 of the series of subsections is — makes it against the law for a person to operate or be in control of a vehicle while having point-one-o percent per weight in his bloodstream. The prosecution instant is under subsection 2. Smith versus State says each one of these various five subsections are individual crimes within themselves. That the objection by the defendant would be the introduction of testimony relative to an entire different separate offense. Also at the time — also the defendant would object to the introduction of the results of the test because Section 32-5A-191 — 194(b)(2) states that a person who has point-one-o percent per weight of alcohol in his bloodstream is presumed to be intoxicated. The presumption, as specified in this particular Code section is unconstitutional, is a violation of due process as set out in Sanstrom (phonetic) versus Montana. The Sanstrom ease, of course, being specified in the motion to dismiss.
“The Judge will allow the admission of the results of the test over the objection of the defendant as heretofore stated. The motion to exclude would be made by the defendant, would be overruled by the Court. The case would go to the jury and, when the case went to the jury, it’s stipulated that the judge would be requested to charge the jury that, if a person owned, operated a vehicle on a public highway in the state of Alabama and had more than — had point-one-o or more per weight of alcohol in his bloodstream at the time he so operated a vehicle, then that person would be presumed to be intoxicated. At the end of the judge’s charge to the jury, the defendant would except to that particular charge in relation to presumption because it violates the due process clause of the Constitution of the United States and the Constitution of the State of Alabama, which affords due process to each and every defendant. And the judge would note the exception by the defendant and allow the case to go to the jury with the charge intact.
“THE COURT: All right. Is that your understanding, Mr. Quinlivan?
“MR. QUINLIVAN: That’s the stipulation and stipulate the jury would return a verdict of guilty, and Your Honor would sentence consistent with what was imposed in the lower court and give him ninety days to pay. And, from that, you would allow him to post a Hundred-Dollar appeal bond, and I would then object to that.
“THE COURT: All right. What was the sentence in the City court?
“MR. QUINLIVAN: Two Hundred and Fifty Dollars and costs, attend a DUI school, and two months suspended for about a year. It’s a first offense.
“THE COURT: All right. The Court will impose that sentence and set a Hundred-Dollar appeal bond.
“MR. BRUTKIEWICZ: Thank you.
“(The end).” (T. 3 — 6)
It is clear from the minute entry that the appellant waived trial by jury in this cause. It is also clear that he agreed to proceed to trial on the original affidavit. (C.R. 18) (See the minute entry).
The appellant does not challenge the verity of the record. See Rule 10(f), A.R.A.P.; Hollins v. State, 415 So.2d 1249 (Ala.Crim.App.1982); Davis v. State, 348 So.2d 844 (Ala.Crim.App.), writ denied, 348 So.2d 847 (Ala.1977); Jones v. State, 57 Ala.App. 419, 329 So.2d 108 (Ala.Crim.App.1976) (“[ojrdi-narily a judgment entry is said to import absolute verity.”)
We hold the minute entry in this case to be controlling as to the apparent conflict, which was not challenged in the court below.
Because the appellant’s conviction in circuit court was based on the original complaint, his first contention (as to the city attorney’s complaint) must fail. A.R.A.P. 45.
II
His second contention (as to the erroneous jury instruction) must also fail because *1343 the appellant waived his right to trial before a jury. Rule 45, A.R.A.P. Thus, there was no “jury instruction”.
We note that, even had we considered treatment of this issue as necessary, we would find his contention to be without merit. The use of this instruction has been upheld as a rebuttable presumption. See Salazar v. State, 505 So.2d 1287 (Ala.Crim.App.1986), cert. denied, April 24, 1987 (no opinion 86-635) and cases cited therein; Welcher v. State, 504 So.2d 360 (Ala.Crim.App.1987).
For the above-stated reasons, this cause is due to be and is, hereby, affirmed.
AFFIRMED.
All the Judges concur.
BOWEN, P.J., concurs in result only.