BOWEN, Judge.
In 1987, Andy Wayne Daughtry, the appellant, pleaded guilty and was convicted of robbery in the third degree. In January 1991, that conviction was set aside pursuant to the circuit court’s granting the relief requested by the appellant in a petition for post-conviction relief after finding that “the record is insufficient to satisfy the requirements of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).”
In May 1991, the appellant pleaded guilty to the reduced charge of theft of property in the third degree. He was given a suspended sentence of six months in the county jail (to run concurrently with another sentence he was serving) and six months’ probation. He was ordered to pay restitution in the amount of $500 and was fined $50. In June 1991, the appellant filed a pro se motion to withdraw his guilty plea on the ground that his guilty plea was coerced by his appointed counsel who allegedly told him that he would receive only a suspended sentence. That motion was denied without an evidentiary hearing and without written findings by the circuit court.
The record of the 1991 guilty plea proceedings does not satisfy the requirements of Boykin v. Alabama. The colloquy is insufficient and there is no waiver of rights form contained in the record. Compare Twyman v. State, 293 Ala. 75, 300 So.2d 124 (1974), and Robinson v. State, 444 So.2d 884 (Ala.1983). “[A] plea is only properly accepted ... upon satisfaction of the requisites of Boykin, including the trial judge’s determination that the guilty plea was knowingly and voluntarily entered by the accused. The record must reflect sufficient facts from which such determination could properly be made.” Dingier v. State, 408 So.2d 530, 532 (Ala.1981) (emphasis added).
Therefore, the judgment of the circuit court in case number CC-84-309.01 is reversed, and this cause is remanded for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
All Judges concur.